Exhibit A
Complaint, etc


TO REORDER CALL 954-846-9399
RECYCLED PAPER

SUMMONS
(CITACION JUDICIAL)

| | SUM-100 |
|---|---|
| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAKAR INTERNATIONAL, INC., and
DOES 1 through 100,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
HORNG TECHNICAL ENTERPRISE CO., LTD.

CASE ASSIGNED FOR ALL PURPOSES TO JUDGE D. OKI DEPT. "J"

Answer
Due
Oct 11, 2005

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* KC046858 |

LOS ANGELES COUNTY SUPERIOR COURT
EAST DISTRICT, POMONA COURTHOUSE SOUTH
400 Civic Center Plaza                         Pomona, California 91766

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRUCE W. WAGNER, ESQ. (SBN 73038)               Fullerton, California 92835
1440 N. Harbor Blvd., Suite 800
(714) 449-3338

| DATE AUG 31 2005 | JOHN A. CLARKE, Clerk, by | L. MASCORRO , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use              SUMMONS                   Code of Civil Procedure §§ 412.20, 465

```
 1  BRUCE W. WAGNER (73038)
    Attorney at Law
 2  1440 N. Harbor Blvd., Ste. 800
    Fullerton, CA 92835
 3  (714) 449-3338
```

ORIGINAL FILED
AUG 3 1 2005
LOS ANGELES
SUPERIOR COURT

Attorney for Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HORNG TECHNICAL ENTERPRISE CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SAKAR INTERNATIONAL, INC., and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. KC046858 J <br><br> COMPLAINT FOR BREACH OF CONTRACT, COMMON COUNTS <br><br> CASE ASSIGNED FOR ALL PURPOSES TO JUDGE D. OKI DEPT. "J" |

Preliminary Allegations

1. Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD. is, and at all times herein mentioned was, a corporation, organized and existing under the laws of Taiwan, with its principal place of business in Taipei, Taiwan.

2. Plaintiff is informed and believes, and thereon alleges, that defendant SAKAR INTERNATIONAL, INC. is, and at all times herein mentioned was, a corporation, organized and existing under the laws of New York, with its principal place of business in Edison, New Jersey.

3. Plaintiff is a manufacturer of computer accessories.

4. Defendant is a merchant engaged in the wholesaling of computer accessories.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they are ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitious defendants is responsible in some manner for the wrongful acts described in this complaint.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants sued herein as DOES 1 through 100, inclusive, was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

7. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned, defendants, and each of them, were the agents, servants, employees, independent contractors and/or joint venturers of their co-defendants, and were as such, acting within the course, scope, purpose and authority of said agency, employment and/or joint venture; that each and every defendant, in doing the things alleged herein, was the actual, apparent, implied or ostensible agent of the remaining defendants and acting within the course and scope of said agency and/or employment; and, that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection, supervision, hiring and/or continued employment of each

and every other defendant as an agent, employee and/or joint venturer, and/or that said defendants approved, supported, participated in, authorized and/or ratified the acts and/or omissions of said employees, agents, servants and/or joint venturers.

## FIRST CAUSE OF ACTION
### For Breach of Contract
By Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD. Against Defendant SAKAR INTERNATIONAL, INC., and Does 1 through 100, inclusive.

8. Plaintiff hereby refers to and incorporates herein by this reference, each and every allegation contained in Paragraphs 1 through 7, inclusive, of the Preliminary Allegations, to the same effect as if fully and completely set forth at this point.

9. On or about September 2004 through November 2004, at the special instance and request of defendant, and in consideration of defendant's promise to pay the purchase price, plaintiff shipped and delivered computer accessories to defendant.

10. Except for those obligations that plaintiff was prevented or excused from performing, plaintiff has fully and in all things performed its part of the agreement described in Paragraph 9 in that plaintiff delivered the computer accessories to defendant in the time and manner and at the place required by the agreement.

11. In violation of its promises and obligations under the agreement described in Paragraph 9, defendant wrongfully failed and refused to make the payment due for the computer accessories.

12. As a result of defendant's breach of contract, plaintiff has been damaged in the sum of $940,609.83 plus interest according to proof.

13. As a further direct result of defendant's breach of contract, plaintiff was caused to incur commercially reasonable

Case 2:06-cv-00816-SRC-MAS   Document 1-4   Filed 02/21/06   Page 6 of 18 PageID: 132

10/03/2005 16:30 FAX 7326345   EZRA SUTTON PA   (71 )  445-0460
Sep 16 05 02:35p   Bruce W. Wagner, Esq.

charges, expenses, and commissions in an amount to be proved at trial.

SECOND CAUSE OF ACTION
For Open Book Account
By Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD. Against Defendant SAKAR INTERNATIONAL, INC., and Does 1 through 100, inclusive.

14. Plaintiff hereby refers to and incorporates herein by this reference, each and every allegation contained in Paragraphs 1 through 7, inclusive, of the Preliminary Allegations, to the same effect as if fully and completely set forth at this point.

15. Within the last four years there existed an open book account between plaintiff and defendants upon which there is a balance due in the amount of $940,609.83.

16. No part of this sum has been paid, and there is now due, owing, and unpaid from defendants to plaintiff the sum of $940,609.83 plus interest according to proof.

THIRD CAUSE OF ACTION
For Account Stated
By Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD. Against Defendant SAKAR INTERNATIONAL, INC., and Does 1 through 100, inclusive.

17. Plaintiff hereby refers to and incorporates herein by this reference, each and every allegation contained in Paragraphs 1 through 7, inclusive, of the Preliminary Allegations, to the same effect as if fully and completely set forth at this point.

18. Within the last four years, an account was stated in writing by and between plaintiff and defendant by which it was agreed that defendant was indebted to plaintiff in the sum of $940,609.83.

19. No part of that sum has been paid, and there is now due, owing, and unpaid from defendant to plaintiff the sum of $940,609.83 plus interest according to proof.

4

COMPLAINT FOR BREACH OF CONTRACT, COMMON COUNTS

## FOURTH CAUSE OF ACTION
### For Goods Sold and Delivered at Agreed Price
By Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD. Against Defendant SAKAR INTERNATIONAL, INC., and Does 1 through 100, inclusive.

20. Plaintiff hereby refers to and incorporates herein by this reference, each and every allegation contained in Paragraphs 1 through 7, inclusive, of the Preliminary Allegations, to the same effect as if fully and completely set forth at this point.

21. Within the last two years, defendants became indebted to plaintiff in the sum of $940,609.83 for goods, wares, and merchandise sold and delivered to defendants.

22. Neither the whole nor any part of this sum has been paid, although demand therefore has been made, and there is now due, owing, and unpaid from defendants to plaintiff the sum of $940,609.83 plus interest according to proof.

## FIFTH CAUSE OF ACTION
### For Reasonable Value of Goods Sold and Delivered
By Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD. Against Defendant SAKAR INTERNATIONAL, INC., and Does 1 through 100, inclusive.

23. Plaintiff hereby refers to and incorporates herein by this reference, each and every allegation contained in Paragraphs 1 through 7, inclusive, of the Preliminary Allegations, to the same effect as if fully and completely set forth at this point.

24. Within the last two years, at Los Angeles, California, plaintiff sold and delivered certain goods at the special request of defendant; and defendant agreed to pay plaintiff the reasonable value of those goods.

25. Plaintiff has repeatedly demanded payment from defendant. The last demand was made on August 11, 2005.

26. At the time of the sale and delivery, the fair and

reasonable value of the goods was at least $940,609.83.

27. No payment has been made by defendant to plaintiff, and there is now owing the sum of $940,609.83, plus interest according to proof.

WHEREFORE, plaintiff prays judgment as follows:

FIRST CAUSE OF ACTION

1. For compensatory damages in the sum of $940,609.83;
2. For interest thereon according to proof;
3. For incidental damages according to proof;

SECOND CAUSE OF ACTION

4. For the sum of $940,609.83;
5. For interest thereon according to proof;
6. For incidental damages according to proof;

THIRD CAUSE OF ACTION

7. For the sum of $940,609.83;
8. For interest thereon according to proof;
9. For incidental damages according to proof;

FOURTH CAUSE OF ACTION

10. For the sum of $940,609.83;
11. For interest thereon according to proof;
12. For incidental damages according to proof;

FIFTH CAUSE OF ACTION

13. For compensatory damages in the sum of $940,609.83;
14. For interest thereon according to proof;
15. For incidental damages according to proof;

ALL CAUSES OF ACTION

16. For attorneys fees according to proof;
17. For all costs of this suit; and

1  18. For any other and further relief as the Court may deem
2  proper.
3  Dated: August 30, 2005

   BRUCE W. WAGNER
   Attorney for Plaintiff
   HORNG TECHNICAL ENTERPRISE CO.,
   LTD.

7

COMPLAINT FOR BREACH OF CONTRACT, COMMON COUNTS

10

| NOTICE SENT TO: | FILE STAMP |
|---|---|
| Wagner, Bruce W., Esq.<br>1440 N. Harbor Blvd., Suite 800<br>Fullerton          CA  92850 | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| HORNG TECHNICAL ENTERPROSE CO.,<br>                              Plaintiff(s),<br>VS. | KC046858 |
| SAKAR INTERNATIONAL, INC<br>                              Defendant(s). | NOTICE OF CASE<br>MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _January 19, 2006_ at _8:30 am_ in Dept. _EA J_ at 400 Civic Center Plaza, Pomona, California, 91766.

Pursuant to CRC 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney or record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and CRC 200 et seq.

Date: _September 2, 2005_

_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the case herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _September 2, 2005_                       John A. Clarke, Executive Officer/Clerk

                                                by _____, Deputy Clerk

CIV 132 10-03 LASC Approved

//

```
 1  BRUCE W. WAGNER (78038)
    Attorney at Law
 2  1440 N. Harbor Blvd., Ste. 800
    Fullerton, CA 92835
 3  (714) 449-3338

 4  Attorney for Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD.
```

FILED
LOS ANGELES SUPERIOR COURT
SEP 1 3 2005
JOHN A. CLARKE, CLERK
BY L. MASCORRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HORNG TECHNICAL ENTERPRISE CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SAKAR INTERNATIONAL, INC., and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. KC046858 J <br><br> ASSIGNED FOR ALL PURPOSES TO: JUDGE DAN T. OKI <br> DEPT: J <br><br> PROOF OF SERVICE <br><br> Action Filed: 8/31/05 <br> CMC         : 1/19/06 <br> Trial Date  : n/a |

PROOF OF SERVICE

/2

## PROOF OF SERVICE BY MAIL

State of California, County of Orange

I am employed in the county of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 1440 N. Harbor Blvd., Suite 800, Fullerton, CA 92835.

On September 12, 2005, I served the foregoing document(s) described as NOTICE OF CASE MANAGEMENT CONFERENCE on the interested parties in this action by placing for collection and deposit in the United States mail a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid at 1440 N. Harbor Blvd., Suite 800, Fullerton, California 92835, addressed as follows:

>   Sakar International, Inc.
>   195 Carter Drive
>   Edison, New Jersey 08817
>
>   Attn: Allan Amsel
>       Vice President

I am readily familiar with my firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service that same day. I placed true copies of the above-entitled document in envelopes addressed as shown below and sealed and placed them for collection and mailing on the date stated below, following ordinary business practices. Note: Service made pursuant to this paragraph will, on motion of the party served, be presumed invalid if the postal cancellation or meter date is more than one day after the date of deposit for mailing stated in this declaration. (CCP section 1013a, subd. (3).)

[x] Executed on September 12, 2005, at Fullerton, California.

[x] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

```
 1  BRUCE W. WAGNER (73038)                    FILED
    Attorney at Law                    LOS ANGELES SUPERIOR COURT
 2  1440 N. Harbor Blvd., Ste. 800
    Fullerton, CA 92835                       SEP 1 3 2005
 3  (714) 449-3338
                                        JOHN A. CLARKE, CLERK
 4  Attorney for Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD.
                                        BY L. MASCORRO, DEPUTY
 5
```

        SUPERIOR COURT OF THE STATE OF CALIFORNIA

                FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HORNG TECHNICAL ENTERPRISE CO., LTD., | |
| Plaintiff, | CASE NO. KC046858 J |
| vs. | ASSIGNED FOR ALL PURPOSES TO: JUDGE DAN T. OKI |
| SAKAR INTERNATIONAL, INC., and DOES 1 through 100, inclusive, | DEPT: J |
| | NOTICE OF UNAVAILABILITY OF COUNSEL |
| Defendants. | |
| | Action Filed: 8/31/05 |
| | CMC         : 1/19/06 |
| | Trial Date  : n/a |

TO DEFENDANT IN THIS ACTION:

PLEASE TAKE NOTICE that BRUCE W. WAGNER, attorney of record for plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD., will be unavailable to all parties, and to counsel, for the period October 14, 2005, through October 28, 2005, due to surgery scheduled for October 14, 2005, and the two (2) week period thereafter required for recuperation.

Purposefully scheduling a conflicting proceeding without good cause is sanctionable conduct. <u>Tenderloin Housing Clinic v. Sparks</u> (1992) 9 CA4th 299, 304-305.

Dated: September 12, 2005

_____
BRUCE W. WAGNER
Attorney for Plaintiff
HORNG TECHNICAL ENTERPRISE CO. LTD.

## PROOF OF SERVICE BY MAIL

State of California, County of Orange

I am employed in the county of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 1440 N. Harbor Blvd., Suite 800, Fullerton, CA 92835.

On September 12, 2005, I served the foregoing document(s) described as NOTICE OF UNAVAILABILITY OF COUNSEL on the interested parties in this action by placing for collection and deposit in the United States mail a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid at 1440 N. Harbor Blvd., Suite 800, Fullerton, California 92835, addressed as follows:

> Sakar International, Inc.
> 195 Carter Drive
> Edison, New Jersey 08817
>
> Attn: Allan Amsel
>     Vice President

I am readily familiar with my firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service that same day. I placed true copies of the above-entitled document in envelopes addressed as shown below and sealed and placed them for collection and mailing on the date stated below, following ordinary business practices. Note: Service made pursuant to this paragraph will, on motion of the party served, be presumed invalid if the postal cancellation or meter date is more than one day after the date of deposit for mailing stated in this declaration. (CCP section 1013a, subd. (3).)

[x] Executed on September 12, 2005, at Fullerton, California.

[x] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BRUCE W. WAGNER, ESQ.  73038<br>1440 N. Harbor Blvd., Suite 800<br>Fullerton, California 92835<br>TELEPHONE NO.: (714) 449-3338   FAX NO. (Optional): (714) 449-0468<br>E-MAIL ADDRESS (Optional): brucewwagner@aol.com<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>SEP 1 8 2005<br>JOHN A. CLARKE, CLERK<br>BY L. MASCORRO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona, California 91766
BRANCH NAME: EAST DISTRICT, POMONA COURTHOUSE SOUTH

PLAINTIFF/PETITIONER: HORNG TECHNICAL ENTERPRISE CO., LTD.

DEFENDANT/RESPONDENT: SAKAR INTERNATIONAL, INC.

CASE NUMBER: KC046858 J

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [ ] other (specify documents):

3. a. Party served (specify name of party as shown on documents served):
      SAKAR INTERNATIONAL, INC.

   b. Person served: [ ] party in item 3a   [X] other (specify name and relationship to the party named in item 3a):
      Allan Amsel, Vice President of Sakar International, Inc.

4. Address where the party was served:
   195 Carter Drive
   Edison, New Jersey 08817

5. I served the party (check proper box)
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date):   (2) at (time):
   b. [ ] by substituted service. On (date):   at (time):   I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):   from (city):   or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of :

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. July 1, 2004]
Martin Dean's Essential Forms ™

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.1

Pomona Court

17



Home | Help

# Track & Confirm

## Search Results

Label/Receipt Number: 7005 0390 0003 2182 3863
Detailed Results:

- Delivered, September 07, 2005, 10:30 am, EDISON, NJ 08817
- Acceptance, September 01, 2005, 3:12 pm, FULLERTON, CA 92835

< Back    Return to USPS.com Home >

**Track & Confirm**

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   Go >

POSTAL INSPECTORS    site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Allan Finsel, Vice Pres,
   Sakar International
   195 Carter Drive
   Edison, New Jersey
   08817

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7005 0390 0003 2182 3863

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

18

## PROOF OF SERVICE BY MAIL AND FACSIMILE

I, Tracie Windom, declare under penalty of perjury that the following facts are true and correct:

I am a citizen of the United States, over the age of 18 years, and not a party to this action, and my business address is 801 South Flower Street, Fifth Floor, Los Angeles, CA 90017.

On October 7, 2005, I served the following document(s):

**DEFENDANT SAKAR INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) [DIVERSITY]**

The document(s) were placed in an envelope and served via regular U.S. mail to the person(s) and at the address(es) which follow. The document(s) were also transmitted by facsimile to the numbers that follow:

Bruce W. Wagner, Esq.
**ATTORNEY AT LAW**
1440 N. Harbor Blvd.
Suite 800
Fullerton, California 92835

Fax 714-449-0468

Attorney for Plaintiff
Horng Technical Enterprise Co., Ltd.

I am readily familiar with the business practice of Sandler, Travis & Rosenberg and Glad & Ferguson, P.C. for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, the correspondence would be placed in a sealed envelope, with postage fully prepaid, and deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this proof of service was executed on October 7 2005 at Los Angeles, California.

TRACIE WINDOM

19  DEFENDANT SAKAR INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (A) [DIVERSITY]