1 | Ezra Sutton, Esq.
  | **EZRA SUTTON, P. A.**
2 | Plaza 9 Building, 900 Route 9
3 | Woodbridge, New Jersey 07095
  | Ph:  732-634-3520
4 | Fax:  732-634-3511
5 |
  | Christopher C. McNatt, Jr., Esq. (SBN 174559)
6 | **SCOPELITIS GARVIN LIGHT & HANSON, LLP**
7 | 790 East Colorado Boulevard, 9th Floor
  | Pasadena, California 91101
8 | Telephone: (626) 795-4700
9 | Facsimile: (626) 795-4790

10 | Attorneys for Defendant and Counterclaimant
11 | Sakar International, Inc.

12 |              UNITED STATES DISTRICT COURT
13 |              CENTRAL DISTRICT OF CALIFORNIA

14 | HORNG TECHNICAL ENTERPRISE          :
15 | CO., LTD.,
   |                                     : Case No.: CV-05-7287 (GPS)
16 |              Plaintiff,
17 |                                     :
   |         vs.
18 |                                     :
19 | SAKAR INTERNATIONAL, INC., and
   | DOES 1 through 100, inclusive       :
20 |
21 |              Defendant.             :

22 |

23 |

24 |         **DEFENDANT SAKAR INTERNATIONAL, INC.'S**
25 |         **REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION**
26 |         **MEMORANDUM TO MOTION TO TRANSFER VENUE**

27 |

28 |

DOCKETED ON CM

JAN 2 5 2006

BY _____ 010

1

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.   HORNG HAS MISCHARACTERIZED THE FACTS
      OF THIS CASE SINCE THE DEFECTIVE PRODUCTS
      SAKAR SHIPPED TO CALIFORNIA WERE MERELY
      SHIPPED TO THE PORT IN LOS ANGELES
      IN TRANSIT TO HORNG'S FACTORY IN CHINA
      FOR REPAIR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

III.  THIS IS NOT AN IN REM ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . .2

IV.   THE AGREEMENT TO RETURN THE DEFECTIVE
      PRODUCTS TO CHINA WAS NOT PART OF THE
      ORIGINAL CONTRACT OF SALE AND WAS NOT
      ALLEGED IN HORNG'S COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . .2

V.    THE DEFECTIVE PRODUCTS SHIPPED TO LOS ANGELES
      IN TRANSIT TO CHINA REPRESENT A SMALL
      PERCENTAGE OF THE TOTAL PRODUCTS SHIPPED
      TO SAKAR AND ARE NOT THE PRIMARY REASON
      WHY SAKAR REFUSED TO PAY HORNG . . . . . . . . . . . . . . . . . . .3

VI.   DESPITE HORNG'S CONTENTIONS TO THE CONTRARY,
      THIS CASE SHOULD BE TRANSFERRED TO THE
      WESTERN DISTRICT OF MICHIGAN OR IN THE
      ALTERNATIVE TO THE DISTRICT OF NEW JERSEY. . . . . . . . . . .4

      A. Sakar and Horng do not reside in California . . . . . . . . . . . . . . . . . .4

      B. Horng Should Have Brought This Action In The Western
         District of Michigan Or In The Alternative In The
         District Of New Jersey . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

      C. Horng Can Be Joined As A Cross Claim Defendant
         In Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

VII. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

i

# TABLE OF AUTHORITIES

## CASES

Boreal Laser Inc. v. Coherent, Inc., 1992 U.S. Dist
    LEXIS 276, 22 U.S.P.Q. 2D (BNA)
    1159 (S.D. N.Y. 1992) . . . . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981) . . . . . . . . . . . . . . . . . . . .5

Setco Enters. Corp. v. Ribbons, 19 F.3d 1278
    (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## FEDERAL STATUTES

28 U.S.C. §1391(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

28 U.S.C. §1391(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3, 4

28 U.S.C. §1391(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

28 U.S.C. §1391(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. §1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ii

## I.   INTRODUCTION

Defendant Sakar International, Inc. ("Sakar") hereby replies to Plaintiff Horng Technical Enterprise Co., Ltd.'s ("Horng") Memorandum in Opposition to Sakar's motion to transfer the venue of this case preferably to the Western District of Michigan or in the alternative to the District of New Jersey pursuant to 28 U.S.C. §1406(a) for improper venue and in the alternative pursuant to 28 U.S.C. §1404(a) for forum non-convenience.  For the following reasons Horng's contentions are without merit.

## II.   HORNG HAS MISCHARACTERIZED THE FACTS OF THIS CASE SINCE THE DEFECTIVE PRODUCTS SAKAR SHIPPED TO CALIFORNIA WERE MERELY SHIPPED TO THE PORT IN LOS ANGELES IN TRANSIT TO HORNG'S FACTORY IN CHINA FOR REPAIR

In its Memorandum in Opposition, Horng contends that venue is proper in California pursuant to 28 U.S.C. §1391(a)(2) since a substantial part of the property that is the subject of Horng's collection action against Sakar is located in Los Angeles, California.  However, this is a clear mischaracterization of the facts of this case.

Contrary to Horng's contentions, while Sakar was in New Jersey it entered into a subsequent agreement with Horng separate and apart from the original Contract of Sale, whereby Sakar agreed to ship back defective products (which represent a small percentage of the total products shipped to Sakar pursuant to the original Contract of Sale) to Horng's factory in China so that Horng could inspect and repair them.  Sakar complied with this agreement, by shipping these defective goods to the port of Los Angeles so that they could in turn be shipped to Horng's factory in China.  Thus, these defective products were merely in Los Angeles **in transit**, to be shipped in turn to their final destination which is Horng's factory in China for repair.

Accordingly, proper venue cannot be based on the shipment of a single container of defective goods to Los Angeles in transit on their way to China.  That is, defective goods in transit via Los Angeles, California to China for repair cannot be the basis for

1

1  Horng to assert that venue is proper in the Central District of California. Horng's

2  statement that "a substantial part of the property that is the subject of this action is

3  located in Los Angeles County," is an incorrect and false statement.

## III. THIS IS NOT AN IN REM ACTION.

4  

5  In its Memorandum in Opposition, Horng mischaracterizes this action as an "in

6  rem" action directed toward the single container of defective products that Sakar

7  shipped to Los Angeles in transit on their way to Horng's factory in China to be

8  inspected and repaired. Specifically, Horng states that "venue is proper in the Central

9  District of California because a substantial part of the property is the subject of Horng's

10  collection action against Sakar is located in Los Angeles County."

11  However, contrary to Horng's contentions, this action does not primarily concern

12  the single container of defective products that Sakar shipped to Los Angeles in transit to

13  China. Rather, as stated in Plaintiff Horng's Complaint of August 30, 2005, this is a

14  collection action in which Horng sued Sakar to collect actual money damages for

15  Sakar's alleged breach of a Contract of Sale in which Sakar allegedly promised "to pay

16  the purchase price [for] plaintiff's ship[ment] and deliv[ery] [of] computer accessories to

17  defendant." Accordingly, this is not an "in rem" action since this action is not directed

18  to the container of defective goods shipped to California in transit.

19  Instead, this is a breach of sales contract action directed toward Sakar that seeks

20  actual money damages rather than an action directed toward the container of the

21  defective goods. Thus, the location of these goods in Los Angeles (in transit) cannot

22  determine venue or jurisdiction in this collection action (based on Sakar's alleged breach

23  of a Contract of Sale). Therefore, venue is not proper in the Central District of

24  California since the returned defective property is not the subject of this action.

## IV. THE AGREEMENT TO RETURN THE DEFECTIVE PRODUCTS TO CHINA WAS NOT PART OF THE ORIGINAL CONTRACT OF SALE AND WAS NOT ALLEGED IN HORNG'S COMPLAINT.

25  

26  

27  The agreement entered into in New Jersey between Sakar and Horng whereby

28  2

1  Sakar agreed to ship back defective products to Horng's factory in China (so that Horng

2  could inspect and repair them) was separate and apart from the original Contract

3  of Sale (that Horng alleged was breached by Sakar in its Complaint). Accordingly, the

4  return of the defective goods to Los Angeles in transit to China was not part of the

5  original Contract of Sale and was not alleged in Horng's Complaint. Thus, Sakar's

6  shipment of these good to the port of Los Angeles in transit to China cannot be a basis

7  for asserting that venue is proper in this action in the Central District of California since

8  this ancillary and subsequent agreement is not part of this action.    Therefore, the

9  location of these goods pursuant to an ancillary agreement, entered into in New Jersey,

10  is separate and apart from the subject of this action, the original Contract of Sale, and

11  cannot vest proper venue in the Central District of California pursuant to 28 U.S.C.

12  §1391(a)(2).

13  **V.    THE DEFECTIVE PRODUCTS SHIPPED TO LOS ANGELES IN**
    **TRANSIT TO CHINA REPRESENT A SMALL PERCENTAGE OF THE**
14  **TOTAL PRODUCTS SHIPPED TO SAKAR AND ARE NOT THE**
    **PRIMARY REASON WHY SAKAR REFUSED TO PAY HORNG.**
15

16  As previously stated, the defective products shipped back to Horng via Los

17  Angeles in transit to China represent a small percentage of the total products shipped to

18  Sakar pursuant to the original Contract of Sale. In addition, Sakar's refusal to make

19  payments to Horng for the purchased goods does not stem from Sakar receiving

20  defective goods. Rather, Sakar's refusal to make these payments primarily stems from

21  GLIP suing Sakar in the Western District of Michigan for patent infringement for the

22  goods sold to Sakar by Horng. That is, Sakar refused to make payments to Horng for

23  the optical mice it purchased from Horng pursuant to the indemnification provision in

24  the Contract of Sale and pursuant to the Uniform Commercial Code (U.C.C.). That is,

25  the vendor Horng cannot sell infringing goods to Sakar under the U.C.C.   If Horng

26  does, it is liable to Sakar. Accordingly, venue is proper in Michigan pursuant to 28

27  U.S.C. §1391(a)(2) since "a substantial part of the events or omissions (Sakar's refusal

28

3

1   to pay Horng) giving rise to Horng's breach of contract, collection claim" arise from the

2   patent infringement action in Michigan.

**VI.    DESPITE HORNG'S CONTENTIONS TO THE CONTARRY, THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DSTRICT OF MICHIGAN OR IN THE ALTERNATIVE TO THE DISTRICT OF NEW JERSEY.**

**A.    Sakar and Horng do not Reside in California.**

As previously stated, Defendant Sakar is a New York corporation with its principal place of business in Edison, New Jersey. Thus, Sakar does not reside in California, and Sakar did not enter into the Contract of Sale with Horng in California (but did so in New Jeresy). Indeed, Horng resides in China and Horng arbitrarily selected California to file this lawsuit. Horng could just as easily have selected Michigan in which to file this action.

**B.    Horng Should Have Brought This Action In The Western District Of Michigan Or In The Alternative In The District Of New Jersey.**

Since subject matter jurisdiction in this case is based solely on diversity of citizenship, venue in this case is proper:

1. Where any defendant resides if all defendants reside in the same state. 28 U.S.C. §1391 (a)(1); or

2. In which a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of the property at issue is situated. 28 U.S.C. §1391(a)(2). The district court must ask if the district the plaintiff has chosen has a substantial connection to the claim, regardless of whether other forums have greater contacts. Setco Enters. Corp. v. Ribbins, 19 F.3d 1278, 1281 (8th Cir. 1994); or

3. In which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(a)(3).

With the exception of this action, both parties contacts with California are nonexistent. Horng's only place of business is in China, and Defendant Sakar's only

4

1  and principal place of business is in New Jersey. In addition, the Contract of Sale of the
2  products in question was entered into between Sakar and Horng in New Jersey. The
3  only connection the parties have with the California forum stems from Horng's attorney
4  being located in California.

5      Although Horng may argue that the sale of some of Sakar's products in question
6  took place in California, this same situation exists in potentially any district in the
7  United States where Sakar's products in question are sold. In fact, Sakar's only link
8  with the Central District of California is that Sakar may have sold some of its products
9  in question to retailers in California. However, **sales alone are not enough** to establish
10  a material connection to a forum if the defendant's goods are sold in many states. See
11  Boreal Laser Inc. v. Coherent Inc., 1992 U.S. Dist. LEXIS 276, 22 U.S.P.Q.2D (BNA)
12  1559, 1560 (S.D. N.Y. 1992) (emphasis added). Given that Sakar's products are sold
13  through national retail chains, the Central District of California is not in any better
14  position to hear this case than the Western District of Michigan or the District of New
15  Jersey.

16      Further, Defendant Sakar's substantial contacts with the District of New Jersey
17  and with the pending litigation in the Western District of Michigan strongly favor
18  transferring this case. To avoid multiple lawsuits, a transfer to Michigan would be
19  practical. Alternatively, Sakar resides and has its principal place of business in Edison,
20  New Jersey. Also, the Contract of Sale between Sakar and Horng was entered into in
21  New Jersey and Sakar ships the products in question from its New Jersey warehouses.
22  Thus, the District of New Jersey has "local interest in having localized controversies
23  decided at home." Piper Aircraft, 454 U.S. at 241 n. 6.

24      Alternatively, Sakar's counterclaims for damages and Sakar's indemnification
25  claim (under the U.C.C. and as a result of the express provision in the Sales Contract to
26  hold Sakar harmless for any alleged claims of infringement instituted by a third party (in
27  this case GLIP) for the goods sold to Sakar by Horng) in this California case are

28                                          5

1   identical to the pending **cross claims** made by Sakar against Horng in the Michigan

2   action. In addition, Horng's claims for actual damages and breach of contract in this

3   case and Sakar's counterclaims and cross claims for indemnification and damages were

4   precipitated by Sakar first being sued in the Michigan action for patent infringement.

5   Specifically, both parties' claims in this case and those in the related Michigan action all

6   result from the same original Contract of Sale in which Horng sold Sakar the computer

7   products in question which are alleged to infringe GLIP's patent claims in Michigan.

8            **C.   Horng Can Be Joined As A Cross Claim Defendant In Michigan.**

9       Sakar has already filed a motion in the Western District of Michigan to join

10   Horng as a third party, cross claim defendant in that case in order to efficiently resolve

11   its related claims of indemnification and damages against Horng.

12       Horng is a foreign corporation filing suit in the United States. As a direct result

13   of doing so, Horng is deemed to be subject to jurisdiction in the United States. In

14   addition, in all federal actions against aliens (in this case Horng), the applicable venue

15   provision is 28 U.S.C. §1391(d), which provides that "[a]n alien may be sued in any

16   district." 28 U.S.C. §1391(d). Accordingly, even if this Court were to deny Sakar's

17   motion to transfer this case, Horng could still be joined as a cross-claim defendant in the

18   Michigan action (as a result of Sakar's pending motion in Michigan) and Horng will

19   have to simultaneously litigate the identical issues in this action as well as in the

20   Michigan action.

21       This Court should also note that the Michgan action is in an early stage of

22   discovery, and the parties have until March 17, 2006 to exchange their positions on

23   patent infringement, patent validity and prior art. Thus, none of the parties (including

24   GLIP, HORNG or SAKAR) would be prejudiced if this case and Sakar's patent

25   indemnification defense is transferred to Michigan. That is, if there is patent

26   infringement, Horng's action should be against GLIP. Also, Horng will be given an

27   opportunity in the Michigan action to defend and assert that there is not patent

28                                6

1   infringement of GLIP's patents by Horng's optical mice products.

2   **VII.  CONCLUSION**

3          For the reasons set forth above, the Defendant Sakar International, Inc.

4   respectfully requests that this Court grant its motion to transfer this action from the

5   Central District of California to the Western District of Michigan or in the alternative to

6   the District of New Jersey.  As explained above, Horng and Sakar have no connections

7   with the State of California.

8

9

10

11

12   Dated:  January 17, 2005                By: _____

13                                                Ezra Sutton, Esq.
                                                  EZRA SUTTON, P. A.
14                                                Plaza 9, 900 Route 9
                                                  Woodbridge, New Jersey 07095
15
                                                  Attorneys for Defendant
16                                                Sakar International, Inc.

17

18   **OF COUNSEL**

19   Christopher C. McNatt, Jr., Esq.

20   SCOPELITIS, GARVIN, LIGHT & HANSON, LLP
     790 East Colorado Boulevard, 9th Floor
21   Pasadena, California 91101

22   Ph:  626-795-4700
     Fax: 626-795-4790
23

24

25

26
                                      7
27

28
     ────────────────────────────────────────────────
                    DEFENDANT SAKAR INTERNATIONAL, INC'.S REPLY MEMORANDUM
             TO PLAINTIFF'S OPPOSITION MEMORANDUM TO MOTION TO TRANSFER VENUE