Ezra Sutton, Esq.
**EZRA SUTTON, P. A.**
Plaza 9 Building, 900 Route 9
Woodbridge, New Jersey 07095
Ph:  732-634-3520
Fax:  732-634-3511

Christopher C. McNatt, Jr., Esq. (SBN 174559)
**SCOPELITIS GARVIN LIGHT & HANSON, LLP**
790 East Colorado Boulevard, 9th Floor
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Attorneys for Defendant and Counterclaimant
Sakar International, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HORNG TECHNICAL ENTERPRISE CO., LTD.,

              Plaintiff,

              vs.

SAKAR INTERNATIONAL, INC., and DOES 1 through 100, inclusive

              Defendant.

: Case No.: CV-05-7287 (GPS)

:

:

:

:

:

DOCKETED ON CM
JAN 1 0 2006
BY _____ 004

## MEMORANDUM IN SUPPORT OF DEFENDANT SAKAR INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE

# **TABLE OF CONTENTS**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

III.   LEGAL STANDARDS FOR TRANSFERRING VENUE
       UNDER 28 U.S.C.§1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..3

IV.    LEGAL STANDARDS FOR TRANSFERRING
       VENUE UNDER 28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . .3

V.     THIS CASE SHOULD BE TRANSFERRED
       PURSUANT TO 28 U.S.C. §1406(a) SINCE
       VENUE IN THIS DISTRICT IS IMPROPER . . . . . . . . . . . . . . . . . . 4

       A. Sakar and Horng do not Reside in California . . . . . . . . . . . . . . . . . 4

VI.    THIS CASE SHOULD BE TRANSFERRED
       PURSUANT TO 28 U.S.C. §1404(a) FOR
       FORUM NON-CONVENIENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       1. Plaintiff's Choice of Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

       2. Respective Parties' Contracts with the Forum and
          the Contacts Relating to The Plaintiff's Cause of
          Action in the Chosen Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

       3. Ease of Access to Sources of Proof . . . . . . . . . . . . . . . . . . . . . . . .7

       4. Differences in the Costs of Litigation in the
          Two Forums . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

       5. Interests of Justice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VII. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

i

# TABLE OF AUTHORITIES

## CASES

Boreal Laser Inc. v. Coherent, Inc., 1992 U.S. Dist
   LEXIS 276 22 U.S.P.Q. 2D (BNA) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Cessna Aircraft Co. v. Brown, 348 F.2d 689 (1960) . . . . . . . . . . . . . . . . . . . 9

Codex v. Milgo Elec. Corp., 553 F.2d 735 (1st Cir.) . . . . . . . . . . . . . . . . . . . 9

Continental Grain Co. v. Barge FBL-585, 364 F.2d
   689 (10th Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Country Home Products, Inc. v. Schiller-
   Pfeiffer, Inc., 350 F.Supp. 2d 561 (D. Vt. 2004) . . . . . . . . . . . . . . . . .3

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . .4, 8

Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000) . . . . . . . . . . . .3

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981) . . . . . . . . . . . . . . . . . 3, 4, 6

Ravelo Monegro v. Rosa, 211 F.3d 509 (9th Cir. 2000) . . . . . . . . . . . . . . . . .5

Securities Investor Prot. Corp. v. Vigman, 764 F.2d
   1309 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Van Dusen v. Barrack, 376 U.S. 612 (1964) . . . . . . . . . . . . . . . . . . . . . . . . 4

## FEDERAL RULES

Fed. R. Civ. P. 45(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## FEDERAL STATUTES

28 U.S.C. §1391(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## I.   **INTRODUCTION**

Defendant Sakar International, Inc. hereby moves this Court to transfer this case preferably to the Western District of Michigan or in the alternative to the District of New Jersey pursuant to 28 U.S.C. §1406(a) for improper venue and in the alternative pursuant to 28 U.S.C. § 1404(a) for forum non-convenience.

## II.   **FACTUAL BACKGROUND**

The Defendant Sakar International, Inc. ("Sakar"), a wholesaler of computer accessories, is a New York corporation with its principal place of business in Edison, New Jersey. The Plaintiff Horng Technical Enterprise Co., Ltd. ("Horng"), a manufacturer of computer accessories, is a Taiwanese corporation with a principal place of business in Taipei, Taiwan.

During the last few years, the Defendant Sakar had purchased certain optical computer mice from the Plaintiff Horng pursuant to a sales contract entered into in New Jersey (sometimes hereinafter referred to as "the Contract" or "the Contract of Sale"). The Contract provided that Sakar was to make payments for the optical mice and other products it purchased from Horng. In addition, the Contract contained an express indemnification provision providing that Horng agrees to idemnify Sakar if Sakar is sued with regard to the products it purchased from Horng.

On September 10, 2004, Great Lakes Intellectual Property Limited ("GLIP"), a Canadian corporation with its principal place of business in Tecumseh, Ontario, Canada, filed a complaint in the Western District of Michigan charging Sakar with infringement of six (6) of GLIP's patents (hereinafter the "Michigan action"). Specifically, GLIP asserted in its Complaint that the same optical computer mice Sakar bought from Horng and sold by Sakar in the United States infringed GLIP's patents.

On October 19, 2004, GLIP served Sakar with its complaint charging Sakar with patent infringement. After receiving GLIP's complaint, Sakar refused to make certain

---

MEMORANDUM IN SUPPORT OF DEFENDANT SAKAR
INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE

1    payments to Horng for the optical mice it purchased from Horng (pursuant to the

2    indemnification provision in the Contract of Sale and pursuant to the Uniform

3    Commercial Code (U.C.C.)), with regard to allegedly infringing goods and goods

4    returned by Sakar's customers (who stated that some of the optical mice were

5    defective). Sakar advised Horng of the patent lawsuit alleging that the optical mice

6    infringed GLIP's patents and of the defective products when Sakar became aware of

7    them.

8        On August 31, 2005, Horng commenced an action in the Superior Court of the

9    State of California in the County of Los Angeles alleging that Sakar failed to pay Horng

10    for the optical mice it sold to Sakar and claiming actual money damages for Sakar's

11    alleged breach of the Contract of Sale.  Sakar was served with Horng's Complaint on

12    September 7, 2005 and Sakar subsequently removed this action to  the U.S. District

13    Court for the Central District of California on October 6, 2005 (hereinafter "the

14    California action").

15        On September 30, 2005, Sakar cross claimed by way of a motion to join Horng as

16    a third party defendant in the Michigan action. In its Proposed Third Party Complaint,

17    Sakar charged Horng with indemnification for any claims of patent infringement that

18    GLIP has against Sakar. In addition, Sakar further claimed that Horng is liable to Sakar

19    for money damages stemming from Horng's sale of certain defective computer mice to

20    Sakar pursuant to the original Contract of Sale. (Presently, the hearing for this motion

21    in the Michigan action has been adjourned pending this Court's ruling on this motion to

22    transfer.)

23        On October 12, 2005, Sakar filed its Answer, Affirmative Defenses, and

24    Counterclaims to Horng's Complaint in the California action. Sakar's Counterclaims in

25    the California action are analogous to its Cross Claims made against Horng in the

26    Michigan action. Specifically, Sakar's Counterclaims in the California action charged

27    Horng with the same claims for indemnification for any claims of patent infringement

28

MEMORANDUM IN SUPPORT OF DEFENDANT SAKAR
INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE

that GLIP has against Sakar in the Michigan action and for money damages stemming from Horng's sale of certain defective computer products to Sakar pursuant to the original Contract.

### III.  LEGAL STANDARDS FOR TRANSFERRING VENUE UNDER 28 U.S.C. § 1406(a)

The plaintiff bears the burden of showing that its chosen venue is proper. <u>Country Home Products, Inc. v. Schiller-Pfeiffer, Inc.</u>, 350 F.Supp.2d 561, 568 (D. Vt. 2004). 28 U.S.C. §1406(a)provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, transfer of venue under § 1406(a) is appropriate when the court finds that the case was brought in an improper venue. 28 U.S.C. §1406(a)cmt. on 1996 Amendment.

### IV.  LEGAL STANDARDS FOR TRANSFERRING VENUE UNDER 28 U.S.C. § 1404(a)

When a case is brought in a proper venue, a court may still transfer venue under § 1404(a). The purpose of 28 U.S.C. §1404(a) is to permit easy change of venue within a unified federal judicial system. <u>See</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 254(1981). Section 1404(a) reads as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, a district court may transfer a civil action to another district where it might have been brought if it is for the parties' and witnesses' convenience and in the interest of justice. 28 U.S.C. §1404(a). Under §1404(a), the court has broad discretion to decide when considerations of convenience and fairness warrant a transfer of venue. <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir.2000). The court must weigh multiple factors to determine whether transferring venue is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most

3

familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. Id. Above all, the transfer must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964).

## V.   THIS CASE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1406(a) SINCE VENUE IN THIS DISTRICT IS IMPROPER.

Venue in this district is improper in that: 1) Defendant Sakar does not reside in California;  2) the claims at issue do not arise in California; and 3) neither Sakar nor Horng have any connection with this Court.

### A.   Sakar and Horng do not Reside in California.

As previously stated Defendant Sakar is a New York corporation with its principal place of business in Edison, New Jersey.  Thus, Sakar does not reside in California, and Sakar did not enter into the contract of purchase with Horng in California. Indeed, Horng resides in Taiwan and Horng arbitrarily selected California to file this lawsuit.  Horng could just as easily have selected Michigan in which to file this action.

## VI.   THIS CASE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(a) FOR FORUM NON-CONVENIENCE.

Applying the Jones factors to the present case, the balance of the equities tips in favor of transferring this case to Michigan or in the alternative to New Jersey.

### 1.   Plaintiff's Choice of Forum

Although there is a general presumption in favor of the plaintiff's choice of forum, a foreign plaintiff's choice of forum deserves less deference than that of a domestic plaintiff. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, (1947); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981). Courts usually will not disturb a plaintiff's

4

1   choice of forum unless the "convenience" and "justice" factors strongly favor venue

2   elsewhere. <u>Securities Investor Prot. Corp. v. Vigman</u>, 764 F.2d 1309, 1317 (9th

3   Cir.1985).

4        Here, Horng does not reside in California or in the United States, and its only

5   place of business is in Taiwan. As a result, this Court must give Plaintiff Horng's forum

6   choice less deference than that given to the forum choice of a domestic plaintiff. <u>Ravelo</u>

7   <u>Monegro v. Rosa</u>, 211 F.3d 509, 514 (9th Cir.2000). Also, Horng has no connection

8   with the state of California, and could have brought this case in Michigan or even in

9   New Jersey.

10       In addition, if this Court were to deny Sakar's motion to transfer in order to

11   protect Horng's choice of forum, it would lead to multiple litigations in California and

12   Michigan. That is, two different federal district courts in California and Michigan

13   would be simultaneously litigating claims involving virtually the same parties and the

14   same issues. This is certainly not a desirable outcome from the standpoint of either

15   judicial efficiency or convenience to the parties and witnesses. Sakar would be faced

16   with enduring the inconvenience of litigating the same indemnification and damage

17   claims in two federal courts in California and Michigan. Thus, Horng's choice of forum

18   is not a controlling factor in this analysis.

19       **2.  Respective Parties' Contacts with the Forum and the Contacts**
                **Relating to the Plaintiff's Cause of Action in the Chosen Forum**

20       With the exception of this action, both parties contacts with California are

21   nonexistent. Horng's only place of business is in Taiwan, and Defendant Sakar's only

22   and principal place of business is in New Jersey. In addition, the Contract of Sale of the

23   products in question was entered into between Sakar and Horng in New Jersey. The

24   only connection the parties have with the California forum stems from Horng's attorney

25   being located in California.

26       Although Horng may argue that the sale of some of Sakar's products in question

27

28

5

took place in California, this same situation exists in potentially any district in the United States where Sakar's products in question are sold. In fact, Sakar's only link with the Central District of California is that Sakar may have sold some of its products in question to retailers in California. However, **sales alone are not enough** to establish a material connection to a forum if the defendant's goods are sold in many states. See Boreal Laser Inc. v. Coherent Inc., 1992 U.S. Dist. LEXIS 276, 22 U.S.P.Q.2D (BNA) 1559, 1560 (S.D.N.Y. 1992) (emphasis added). Given that Sakar's products are sold through national retail chains, the Central District of California is not in any better position to hear this case than the Western District of Michigan or the District of New Jersey.

Further, Defendant Sakar's substantial contacts with the District of New Jersey and with the pending litigation in the Western District of Michigan strongly favor transferring this case. To avoid multiple lawsuits, a transfer to Michigan would be practical. Alternatively, Sakar resides and has its principal place of business in Edison, New Jersey. Also, the Contract of Sale between Sakar and Horng was entered into in New Jersey and Sakar ships the products in question from its New Jersey warehouses. Thus, the District of New Jersey has "local interest in having localized controversies decided at home." Piper Aircraft, 454 U.S. at 241 n. 6.

Alternatively, Sakar's counterclaims for damages (as a result of Horng's shipment of defective computer mice to Sakar) and Sakar's indemnification claim (as a result of the express provision in the Sales Contract to hold Sakar harmless for any alleged claims of infringement instituted by a third party (in this case GLIP) for the goods sold to Sakar by Horng) in this California case are identical to the pending cross claims made by Sakar against Horng in the Michigan action. In addition, Horng's claims for actual damages and breach of contract in this case and Sakar's counterclaims and cross claims for indemnification and damages were precipitated by Sakar first being sued in the Michigan action for patent infringement. Specifically, both parties' claims in this case

6

1   and those in the related Michigan action all result from the same original Contract of

2   Sale in which Horng sold Sakar the computer products in question.

3       Furthermore, as previously stated, Sakar has already filed a motion in the Western

4   District of Michigan to join Horng as a third party defendant in that case in order to

5   efficiently resolve its related claims of indemnification and damages against Horng.  In

6   all federal actions against aliens (in this case Horng), the applicable venue provision is

7   28 U.S.C. § 1391(d), which provides that "[a]n alien may be sued in any district." 28

8   U.S.C. § 1391(d).  Accordingly, even if this Court were to deny Sakar's motion to

9   transfer this case, Horng could still be joined as a defendant in the Michigan action (as a

10  result of Sakar's pending motion in Michigan) and will have to simultaneously litigate

11  the identical issues in this action as well as in the Michigan action.

12      Therefore, in order to avoid a duplicity of lawsuits and the simultaneous litigation

13  of identical issues in two (2) different federal courts, judicial economy and efficiency

14  would be better served if this case were transferred in the alternative to the Western

15  District of Michigan where all of the issues in this case could be expeditiously resolved.

16      Since both parties lack any contact with this forum, including those related to this

17  cause of action, transferring this case to the Western District of Michigan or to the

18  District of New Jersey is warranted.

19          ### 3.   Ease of Access to Sources of Proof

20      Sakar asserts that if this case is not transferred to Michigan or New Jersey, the

21  accessability of material witnesses and other sources of proof will be greatly diminished.

22      Sakar's corporate officers as well as its physical evidence implicated in this case

23  are presently located in New Jersey and will soon be located in Michigan in defense of

24  the Michigan action.  In addition, the individuals at Sakar most familiar with the

25  shipping and marketing of the products in question reside in New Jersey.  Sakar's

26  President and Vice President reside in New Jersey and it will be a severe inconvenience

27  if they are forced to travel from New Jersey to Michigan **and** California to defend two

28                                           7

MEMORANDUM IN SUPPORT OF DEFENDANT SAKAR
INTERNATIONAL, INC.'S MOTION TO TRANSFER VENUE

1   suits involving exactly the same issues. Sakar directs the shipment and marketing of the

2   products in question from New Jersey and stores them in its New Jersey warehouses.

3   Finally, Horng fails to identify specific witnesses who would be inconvenienced by

4   traveling from Taiwan to Michigan or New Jersey instead of California. Thus, this Court

5   should find that the ease of access to proof favors a transfer to Michigan or New Jersey.

6        The attendance of non-party witnesses at trial may be compelled only by issuing

7   subpoenas in the judicial district where the trial will take place, or at any location

8   outside the district if that location is within 100 miles of the trial location. Fed.R.Civ.P.

9   45(b)(2). As Sakar has identified non-party witnesses residing in the New York/New

10  Jersey area whom the Central District of California may not compel to appear, this

11  factor also favors transfer.

12            **4.   Differences in the Costs of Litigation in the Two Forums**

13       In balancing the costs of litigation, Defendant Sakar's costs outweigh those of the

14  Plaintiff. To the extent that Horng argues that it would be significantly inconvenienced

15  if forced to travel to the eastern or midwestern United States after already traveling from

16  Taiwan to California, and that the increased travel time and difference in time zones

17  pose significant hardships, Sakar argues that the minimal increase in travel time and

18  time zones do not outweigh Sakar's potential costs. Specifically, Sakar's costs in

19  securing witnesses and transferring documents, records, and other evidence to this

20  district far outweigh any of Horng's additional costs of litigating in Michigan or New

21  Jersey, particularly given that Horng has already acquiesced to trans-Pacific travel and

22  time zone differences to prosecute its suit in California.

23       The costs associated with discovery and trial will be higher in California. As

24  previously mentioned, all of Sakar's witnesses reside in New Jersey. None reside in

25  California. If this action remains in this forum, Sakar cannot compel their witnesses to

26  travel to California to testify. **Thus, Sakar will be prejudiced.** In addition, Sakar's

27  New Jersey counsel will have to travel California for any depositions to be taken. See

28

8

1    also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511 (1946) (stating "to fix the place of trial

2    at a point where litigants cannot compel personal attendance and may be forced to try

3    their cases on deposition is to create a condition not satisfactory to court, jury or most

4    litigants.").

5                    **5.    Interests of Justice**

6            Plaintiff may argue generally that judicial economy and the interests of justice

7    favor maintaining the present action in California.  However, the interests of justice do

8    not dictate that this Court maintain jurisdiction over this case. As discussed previously,

9    Michigan has a much stronger connection to this case than California, because of the

10   action already pending there regarding the same goods.  Also, most of Sakar's business

11   activities occur in New Jersey and most of the documents, evidence, and witnesses

12   associated with the case are located there. Accordingly, these factors weigh in favor of

13   transferring this case to Michigan or New Jersey.

14           In addition, a denial of Sakar's motion to transfer would not advance the goal of

15   judicial economy. Indeed, "[t]he simultaneous prosecution in two different courts of

16   cases relating to the same parties and issues 'leads to the wastefulness of time, energy

17   and money.'" Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965)

18   (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960)). The

19   pendency of related litigation in another forum (in this case Michigan) is a proper factor

20   to consider in resolving choice of venue questions. E.g., Codex v. Milgo Elec. Corp.,

21   553 F.2d 735, 739 (1st Cir.).  Clearly this litigation will proceed in one forum or the

22   other, and this Court is called upon to determine the more convenient forum.

23   **VII.   CONCLUSION**

24           For the reasons set forth above, there is no good reason to keep this action here

25   and every good reason to transfer it.  Accordingly, the Defendant Sakar International,

26   Inc. respectfully requests that this Court grant its motion to transfer this action from the

27   Central District of California to the Western District of Michigan or in the alternative to

28                                                     9

the District of New Jersey.   Horng and Sakar have no connections with the State of California.

Dated:  December 22 2005       By:

Ezra Sutton, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Attorneys for Defendant
Sakar International, Inc.

**OF COUNSEL**

Christopher C. McNatt, Jr., Esq.
SCOPELITIS, GARVIN, LIGHT & HANSON, LLP
790 East Colorado Boulevard, 9th Floor
Pasadena, California 91101
Ph:  626-795-4700
Fax:  626-795-4790

10