2. Answering paragraph 2 of the Counterclaim, Plaintiff and Counterdefendant admits that Horng is a corporation organized and existing under the laws of Taiwan, but denies that its principal place of business is located in Taipei, Taiwan.

### Jurisdiction and Venue

3. Answering paragraph 3 of the Counterclaim, Plaintiff and Counterdefendant admits that Horng sold product to Sakar International, Inc. ("Sakar") in the United States. Except as so admitted, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Answering paragraph 4 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering paragraph 5 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

### Count 1

### Claim For Indemnification For Patent Infringement

6. Answering paragraph 6 of the Counterclaim, Plaintiff and Counterdefendant admits that Sakar is asserting a counterclaim for indemnification and full defense against Horng. Except as so admitted, Plaintiff and Counterdefendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. Answering paragraph 7 of the Counterclaim, Plaintiff and Counterdefendant admits that Sakar purchased optical mice from Hong. Except as so admitted, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering paragraph 8 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering paragraph 9 of the Counterclaim, Plaintiff and Counterdefendant admits that Sakar purchased product from Horng, and Sakar was supplied with optical mice products by Horng. Except as so admitted, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering paragraph 10 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

11. Answering paragraph 11 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering paragraph 12 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

13. Answering paragraph 13 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

### Count 2

### Claim For Defective Products

14. Answering paragraph 14 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Answering paragraph 15 of the Counterclaim, Plaintiff and Counterdefendant admits that Sakar returned products to Horng. Except as so admitted, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Answering paragraph 16 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

17. Answering paragraph 17 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

18. Answering paragraph 18 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

### Count 3

### Breach of Implied Warranties

19. Answering paragraph 19 of the Counterclaim, Plaintiff and Counterdefendant denies that the optical computer mice Sakar purchased from Horng were not specially manufactured by Horng for

4

Sakar. Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the rest of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering paragraph 20 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

21. Answering paragraph 21 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Answering paragraph 22 of the Counterclaim, Plaintiff and Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23 of the Counterclaim, Plaintiff and Counterdefendant denies each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

24. The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Defendant and Counterclaimant failed to take proper and reasonable steps to avoid or to mitigate the damages alleged and, to the extent of such failure to mitigate or to avoid damages, any recovery by plaintiffs should be reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

26. Defendant and Counterclaimant's claims are barred the

equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

27. Defendant and Counterclaimant's claims are barred due to Defendant and Counterclaimant's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

28. Defendant and Counterclaimant's claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

29. Defendant and Counterclaimant's claims are barred by the equitable doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

30. Defendant and Counterclaimant's claims are barred by Defendant and Counterclaimant's knowledge, consent, and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

31. The goods sold by Plaintiff and Counterdefendant to Defendant and Counterclaimant were furnished only after receipt of, and in compliance with, Defendant and Counterclaimant's own specifications therefor, and any breach of the warranty against infringement that allegedly may have occurred, proximately resulted from Plaintiff and Counterdefendant's compliance with Defendant and Counterclaimant's specifications. Defendant and Counterclaimant, therefore, is required to hold Plaintiff and Counterdefendant harmless against any claim for infringement arising from the sale.

## NINTH AFFIRMATIVE DEFENSE

32. Plaintiff and Counterdefendant has not infringed the patents of GREAT LAKES INTELLECTUAL PROPERTY LIMITED ("GLIP") as to optical mice sold by Horng to Sakar.

## TENTH AFFIRMATIVE DEFENSE

33. GLIP's patents as to optical mice which form the basis for GLIP's patent infringement action against Sakar are invalid, void and unenforceable because:

    (a) The alleged invention of said patents was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patents.

    (b) The alleged invention of said patents was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the applications for patents in the United States.

    (c) The alleged invention of said patents was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patents.

    (d) GLIP did not itself invent the subject matter of said patent.

    (e) Before GLIP's alleged invention thereof, the inventions were made in this country by others who had not abandoned, suppressed or concealed them.

    (f) GLIP's patents for optical mice which form the basis for GLIP's patent infringement action against Sakar describe and claim alleged inventions, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art

to which the alleged invention pertains. The subject matter claimed in said patent fails to comply with Title 35, § 102 and § 103 of the United States Code in that the differences between the subject matter claimed in such patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains.

(g) GLIP's patents as to optical mice which form the basis for GLIP's patent infringement action against Sakar do not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

(h) GLIP's patents as to optical mice which form the basis for GLIP's patent infringement action against Sakar do not set forth the best mode contemplated by the inventor of carrying out the invention purported to be covered thereby.

(i) The claims of GLIP's patents as to optical mice which form the basis for GLIP's patent infringement action against Sakar are fatally vague and indefinite, and therefore invalid and void, because they do not

particularly point out and distinctly claim the subject matter of the alleged invention, as required by Title 35, § 112 of the United States Code.

34. Other particulars with respect to the grounds of patent invalidity above set forth will be furnished to Defendant and Counterclaimant in writing by Plaintiff and Counterdefendant at least thirty (30) days before the trial of this cause in compliance with Title 35 § 282 of the United States Code. Any additional grounds of invalidity of said patent of which Plaintiff and Counterdefendant may hereinafter learn will be brought to Defendant and Counterclaimant's notice by appropriate proceedings.

35. Plaintiff and Counterdefendant avers that, by reason of proceedings taken in the United States Patent and Trademark Office during the prosecution of the applications for GLIP's patents as to optical mice which form the basis for GLIP's patent infringement action against Sakar, the claims of said patents are limited and restricted by their terms and the prior art and are made so by limitations and restrictions made therein under the requirements of the Commission of Patents and Trademarks during the proceedings in the Patent and Trademark Office while the applications for said patents were pending, to the extent that GLIP is now estopped from maintaining said patents to be of such scope as to cover or embrace any optical mice sold by Plaintiff and Counterdefendant.

36. The Patent and Trademark Office Examiner failed to cite pertinent prior art as references and thus the presumption of validity of said patents in suit provided in Title 35 § 282 of the United States Code is greatly weakened or destroyed.

37. GLIP's patents as to optical mice which form the basis for

9

GLIP's patent infringement action against Sakar are unenforceable since they were obtained by fraud in that the applicant failed to call to the attention of the Patent Examiner prior art, public knowledge and uses of which he had knowledge and over which the alleged inventions were not patentable.

38. GLIP has so misused the patents in suit as to optical mice which form the basis for GLIP's patent infringement action against Sakar as to render them unenforceable.

39. Plaintiff and Counterdefendant has not done any act or thing and is not proposing to do any act or thing in violation of any rights validly belonging to GLIP under the said patents. The patents in suit are invalid and unenforceable, are not infringed by this Plaintiff and Counterdefendant, and this Plaintiff and Counterdefendant is not liable for infringement of said patents.

### ELEVENTH AFFIRMATIVE DEFENSE

40. Before entering into the contract for the sale of goods herein, Horng fully made available a sample of the goods for Sakar's examination and expressly invited Sakar to make such an examination, and Sakar either did so or refused to so examine. Such defects as Sakar alleges to have been present in the goods ought to have been revealed to Sakar through such an examination.

### TWELFTH AFFIRMATIVE DEFENSE

41. Any implied warranty of merchantability with regard to the goods sold to Sakar was excluded by course of dealing, in that the parties have dealt between themselves prior thereto in such a product with the express understanding, based on their earliest dealings, that Horng made no such representation or guarantee as to the character of the goods.

THIRTEENTH AFFIRMATIVE DEFENSE

42. Any implied warranty of fitness for a particular purpose with regard to the goods sold to Sakar was excluded by course of dealing, in that the parties have dealt between themselves prior thereto in such a product with the express understanding, based on their earliest dealings, that Horng made no such representation or guarantee as to the character of the goods.

FOURTEENTH AFFIRMATIVE DEFENSE

43. Horng is a manufacturer of computer accessories.

44. Sakar is a merchant engaged in the wholesaling of computer accessories.

45. In the year 2004, Horng delivered optical mice to Sakar in accordance with the specifications contained in the contract between Horng and Sakar.

46. Sakar subsequently notified Horng that it was dissatisfied with the subject goods. That notification was not made within a reasonable time after Sakar should have discovered any such defects in the subject goods.

47. Horng thereafter requested that Sakar particularize its dissatisfaction with the accepted goods, but Sakar failed to do so.

48. Sakar's failure to particularize any alleged defects in the subject goods, and thus, to allow Horng an opportunity to cure them, and Sakar's failure to notify Horng of any alleged nonconformity in the subject goods within a reasonable time after it should have discovered such defects, precludes Sakar from recovering from Horng any damages resulting from any alleged breach by Horng.

WHEREFORE, Plaintiff and Counterdefendant demands judgment against Defendant and Counterclaimant and prays that:

11

REPLY TO COUNTERCLAIM

1. The Counterclaim be dismissed with prejudice;

2. An order, judgment, and decree be granted declaring that Defendant and Counterclaimant is without right or authority to threaten or maintain suit against Plaintiff and Counterdefendant for indemnity based on GLIP's suit against Defendant and Counterclaimant for patent infringement; that said patents are invalid, unenforceable, and void in law; and that said patents are not infringed by Plaintiff and Counterdefendant because of the making, selling, or using of optical mice component made, sold, or used by Defendant.

3. Judgment be entered for costs and reasonable attorney fees incurred by Plaintiff and Counterdefendant herein.

4. Such other and further relief as the Court may deem appropriate.

### JURY DEMAND

Horng hereby demands a jury trial on all issues raised in Horng's complaint and Sakar's counterclaim.

Dated: November 4, 2005

_____
BRUCE W. WAGNER
Attorney for Plaintiff and Counterdefendant
HORNG TECHNICAL ENTERPRISE CO., LTD.

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On November 4, 2005, I served a true copy of REPLY TO COUNTERCLAIM by depositing it in the United States Mail in a sealed enveloped with the postage thereon fully prepaid to the following:

Christopher C. McNatt, Jr., Esq.
SANDLER, TRAVIS & ROSENBERG
AND GLAD & FERGUSON, P.C.
801 South Flower Street, Fifth Floor
Los Angeles, California 90017

Place of Mailing: Fullerton, California

Executed on November 4, 2005, at Fullerton, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

_____
BRUCE W. WAGNER

---

PROOF OF SERVICE BY MAIL