1  Christopher C. McNatt, Jr., Esq. (SBN 174559)
   **SANDLER, TRAVIS & ROSENBERG**
2  **AND GLAD & FERGUSON, P.C.**
   801 South Flower Street, Fifth Floor
3  Los Angeles, California 90017
   Telephone: (213) 327-0155
4  Facsimile: (213) 327-0157

5  Attorneys for Defendant and Counterclaimant
   Sakar International, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 HORNG TECHNICAL ENTERPRISE CO., )   Case No.  CV05-7287 GPS
   LTD.,                          )   (CWx)
12                                )
                  Plaintiff,      )   **ANSWER AND**
13                                )   **COUNTERCLAIM**
   vs.                            )
14                                )
                                  )
15 SAKAR INTERNATIONAL, INC., and )
   DOES 1 through 100, inclusive  )
16                                )
                  Defendants.     )
17 ─────────────────────────────── )

18

19                    **ANSWER**

20      The Defendant, Sakar International, Inc. (hereinafter "the Defendant"), by way

21 of its attorneys, alleges and states as follows:

22                **Preliminary Allegations**

23      1.  Defendant admits to the allegations in paragraphs 1 through 4.

24      2.  Defendant denies the allegations in paragraphs 5 through 7.

25            **Response to First Cause of Action**

26      3.  In response to paragraph 8, Defendant hereby incorporates by reference its

27 responses to paragraphs 1 through 7.

28 ///

-1-

DOCKETED ON CM

OCT 13 2005

BY _____ 010

ANSWER AND COUNTERCLAIM

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 9 and 10 and therefore denies them.

5. Defendant denies the allegations in paragraphs 11 through 13.

### Response to Second Cause of Action

6. In response to paragraph 14, Defendant hereby incorporates by reference its responses to paragraphs 1 through 7.

7. Defendant denies the allegations in paragraphs 15 and 16.

### Response to Third Cause of Action

8. In response to paragraph 17, Defendant hereby incorporates by reference its responses to paragraphs 1 through 7.

9. Defendant denies the allegations in paragraphs 18 and 19.

### Response to Fourth Cause of Action

10. In response to paragraphs 20, Defendant hereby incorporates by reference its responses to paragraphs 1 through 7.

11. Defendant denies the allegations in paragraphs 21 and 22.

### Response to Fifth Cause of Action

12. In response to paragraph 23 Defendant hereby incorporates by reference its responses to paragraphs 1 through 7.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 24 through 26.

14. Defendant denies the allegations in paragraph 27.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Defendant Sakar asserts that the optical computer mice it purchased from the Plaintiff Horng were alleged by a third-party, Great Lakes Intellectual Property Limited ("GLIP") to infringe their patents. Subsequently, GLIP sued Defendant Sakar in the United States District Court for the Western District of Michigan for patent infringement.

ANSWER AND COUNTERCLAIM

1    a) Therefore, as a set-off to any damages recovered by Horng and also pursuant
2    to Rule 13 of the Federal Rules of Civil Procedure Sakar International, Inc., through
3    counsel, hereby asserts a claim for indemnification and full defense against Horng
4    Technical Enterprise Co., (hereinafter "Horng" or "the vendor") as follows:

5    b) Sakar has purchased optical mice from Horng and sold them in the United
6    States, and Horng has signed an indemnification agreement.

7    c) GLIP has sued Sakar and charged Sakar with patent infringement in connection
8    with Sakar's importation and sale of the optical mice which Sakar purchased from the
9    vendor Horng.

10   d) Defendant Sakar was a purchaser of the allegedly infringing product from its
11   vendor, namely, Horng, and Sakar was unwittingly supplied with the allegedly-
12   infringing optical mice products by its vendor Horng, which GLIP now asserts are
13   protected by various patents.

14   e) Horng's actions constitute a violation of the Uniform Commercial Code,
15   Article 2, §312, ("U.C.C.") which prohibits supplying an infringing product to a buyer
16   and **warrants** any such product to be free from any claim of patent infringement. Horng
17   has also constitutes a breached the indemnification agreement.

18   f) The Defendant Sakar had no knowledge that such optical mice products at
19   issue may infringe any patent. Further, there was no patent marking present on the
20   products purchased from Horng, thus eliminating any constructive notice of
21   infringement to Sakar.

22   g) If there is any liability for patent infringement, Horng is fully liable to GLIP
23   and Sakar is not liable.

24   h) As a result of the seller-buyer relationship between Sakar and its vendor
25   Horng, and pursuant to §2-312 of the U.C.C., and pursuant to the indemnification
26   agreement, Horng is solely liable for any judgment or award against Sakar for patent
27   infringement of GLIP's patents, which would entitle Sakar to full indemnification and
28   defense (including attorneys fees and costs) from Horng for any liability Sakar may

-3-

1  incur to GLIP.

2  ## Second Affirmative Defense

3  2. Defendant Sakar asserts that certain optical computer mice and related
4  computer accessories it purchased from Plaintiff Horng were defective.

5  a) Certain of the computer accessory products purchased from Horng by Sakar
6  were defective and were returned by Sakar's customers.

7  b) A container of defective products has already been returned to Horng, and
8  Sakar has notified Horng about the defective products.

9  c) This constitutes a violation of U.C.C. Article 2 §601 et seq.

10  d) Separate and apart from liability for patent infringement, the sale of defective
11  products to Sakar renders Horng liable to Sakar for such defective products.

12  e) Sakar has been damaged by such defective products in an amount not yet fully
13  determined, but in excess of $200,000.

14  ## Third Affirmative Defense

15  3. The optical computer mice Defendant Sakar purchased form Plaintiff
16  Horng were not specially manufactured by Horng for Sakar.  In addition, the optical
17  computer mice Sakar purchased from Horng are suitable for sale to other retailers in
18  the ordinary course of Horng's business.  Accordingly, under the UCC, Horng's sale
19  of the optical computer mice in question to Sakar came with the express warranties
20  made by Horng under UCC §2-313 and with the UCC §2-314 Implied Warranty of
21  Merchantability and the UCC §2-315 Implied Warranty of Fitness for a Particular
22  Purpose.

23  a) Horng breached both the Implied Warranty of Merchantability and
24  Implied Warranty of Fitness for a Particular purpose pursuant to UCC §§2-314 and
25  2-315 when Horng sold defective optical computer mice to Sakar, as well as other
26  computer accessories.

27  ///

28  ///

-4-

ANSWER AND COUNTERCLAIM

b) The sales contract for the sale of the optical computer mice entered into by Horng and Sakar did not specifically exclude the Implied Warranty of Merchantability or the Implied Warranty of Fitness for a Particular Purpose, or all implied warranties for that matter.

c) In addition, there was no Contractual Modification of the sales contract that permitted Horng (the seller) to limit Sakar's (the buyer) remedies to return of the goods and repayment of the price or to repair and replacement of the non-conforming optical computer mice.

d) Accordingly, Plaintiff Horng, the seller of the optical computer mice in question, is liable to Defendant Sakar, the buyer, for Sakar's Incidental and Consequential Damages.

## Fourth Affirmative Defense

4.      Personal jurisdiction and venue are improper in this Court.

## COUNTERCLAIMS

1. Sakar is a corporation of the State of New York with a principle place of business located at 195 Carter Drive, Edison, New Jersey 08817.

2. Horng Technical Enterprise Co., Ltd., ("Horng") on information and belief, is a corporation organized and existing under the laws of Taiwan, with its principal place of business located in Taipei, Taiwan.

## Jurisdiction and Venue

3. Personal jurisdiction is proper since Horng offered for sale and sold the allegedly infringing product to Sakar in the United States, and particularly, sales of the infringing product were made in both California and Michigan.

4. Subject matter jurisdiction is proper pursuant to both 28 U.S.C. § 1332 and 28 U.S.C. § 1338 since GLIC alleges that the products sold to Sakar by Horng infringe various U.S. patents, which are set forth more particularly in GLIC's Complaint against Sakar.

///

-5-

5. While venue is appropriate pursuant to 28 U.S.C. §1391(b) and §1400 in this district since certain of the allegedly infringing product were sold by Horng into the stream of commerce in the United States and then shipped into the Central District of California, venue is also appropriate and primary in the Western District of Michigan because GLIP resides in that district, and since the allegedly infringing product were sold by Horng into the stream of commerce in the United States and then shipped into the District of Michigan.

## Count 1

### Claim For Indemnification For Patent Infringement

6. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaimant, Sakar International, Inc., through counsel, hereby asserts a counterclaim for indemnification and full defense against Counter-defendant Horng Technical Enterprise Co., (hereinafter "Horng" or "the vendor") as follows:

7. Sakar has purchased optical mice from Horng and sold them in the United States, and Horng has signed an indemnification agreement.

8. GLIP has sued Sakar and charged Sakar with patent infringement in connection with Sakar's importation and sale of the optical mice which Sakar purchased from the vendor Horng.

9. Sakar was a purchaser of the allegedly infringing product from its vendor, namely, Horng, and Sakar was unwittingly supplied with the allegedly-infringing optical mice products by its vendor Horng, which GLIP now asserts are protected by various patents.

10. Horng's actions constitute a violation of the Uniform Commercial Code, Article 2, §312, ("U.C.C.") which prohibits supplying an infringing product to a buyer and **warrants** any such product to be free from any claim of patent infringement. Horng has also breached of the indemnification agreement.

///

///

-6-

ANSWER AND COUNTERCLAIM

11. Sakar had no knowledge that such optical mice products at issue may infringe any patent. Further, there was no patent marking present on the products purchased from Horng, thus eliminating any constructive notice of infringement to Sakar.

12. If there is any liability for patent infringement, Horng is fully liable to the GLIP and Sakar is not liable.

13. As a result of the seller-buyer relationship between Sakar and its vendor Horng, and pursuant to §2-312 of the U.C.C., and pursuant to the indemnification agreement, Horng is solely liable for any judgment or award against Sakar for patent infringement of GLIP's patents, which would entitle Sakar to full indemnification and defense (including attorneys fees and costs) from Horng for any liability Sakar may incur to GLIP.

## Count 2

### Claim For Defective Products

14. Certain of the computer accessory products purchased from Horng by Sakar were defective and were returned by Sakar's customers.

15. A container of defective products has already been returned to Horng, and Sakar has notified Horng about the defective products.

16. This constitutes a violation of U.C.C. Article 2 §601 et seq.

17. Separate and apart from liability for patent infringement, the sale of defective products to Sakar renders Horng liable to Sakar for such defective products.

18. Sakar has been damaged by such defective products in an amount not yet fully determined, but in excess of $200,000.

## Count 3

### Breach of Implied Warranties

19. The optical computer mice Sakar purchased from Horng were not specially manufactured by Horng for Sakar. In addition, the optical computer mice Sakar purchased from Horng are suitable for sale to other retailers in the ordinary course of Horng's business. Accordingly, under the UCC, Horng's sale of the

-7-

optical computer mice in question to Sakar came with whatever express warranties made by Horng under UCC §2-313 and with the UCC §2-314 Implied Warranty of Merchantability and the UCC §2-315 Implied Warranty of Fitness for a Particular Purpose.

20. Plaintiff Horng breached both the Implied Warranty of Merchantability and Implied Warranty of Fitness for a Particular purpose pursuant to UCC §§2-314 and 2-315 when Horng sold defective computer mice to Sakar, as well as other computer accessories.

21. The sales contract for the sale of the optical computer mice entered into by Horng and Sakar did not specifically exclude the Implied Warranty of Merchantability or the Implied Warranty of Fitness for a Particular Purpose, or all implied warranties for that matter.

22. In addition, there was no Contractual Modification of the sales contract that permitted Horng (the seller) to limit Sakar's (the buyer) remedies to return of the goods and repayment of the price or to repair and replacement of the non-conforming optical computer mice.

23. Accordingly, Horng, the seller of the optical computer mice in question, is liable to Sakar, the buyer, for Sakar's Incidental and Consequential Damages.

**WHEREFORE**, Sakar requests that Horng take nothing on its compliant.

On Sakar's counterclaim, Sakar requests a judgment finding no liability for patent infringement on the part of Sakar; and finding that the products sold by Horng to Sakar were defective; said judgment including **indemnification** for the sale of both infringing and defective products by Horng to Sakar, and that Horng pay any judgment eventually obtained by GLIP for any and all liability for patent infringement that may eventually be established by GLIP against Sakar, together with Sakar's costs, attorneys fees, interest and such other relief as the Court deems just and equitable, and that Horng pay Sakar

ANSWER AND COUNTERCLAIM

1   for defective products sold to it.

2              **JURY DEMAND**

3       Sakar hereby demands a jury trial on all issues raised in the complaint its

4   above stated counterclaim.

5

6   Dated:  October 11, 2005          **SANDLER, TRAVIS & ROSENBERG**
                                       **AND GLAD & FERGUSON, P.C.**
7

8

9                                  By
                                       CHRISTOPHER C. McNATT, JR.
10                                     **Attorneys for Defendant and Counterclaimant**
                                       **SAKAR INTERNATIONAL, INC.**
11

12  **OF COUNSEL**

13  Ezra Sutton, Esq.
    **EZRA SUTTON, P.A.**
14  Plaza 9, 900 Route 9
    Woodbridge, New Jersey 07095
15  Telephone: (732) 634-3520
    **Facsimile: (732) 634-3511**
16

17

18

19

20

21

22

23

24

25

26

27

28

                              -9-

1

## PROOF OF SERVICE BY MAIL

2    I, Tracie Windom, declare under penalty of perjury that the following facts are

3    true and correct:

4    I am a citizen of the United States, over the age of 18 years, and not a party to

5    this action, and my business address is 801 South Flower Street, Fifth Floor, Los

6    Angeles, CA 90017.

7    On October 12, 2005, I served the following document(s):

8    **ANSWER AND COUNTERCLAIM**

9
10   The document(s) were placed in an envelope and served via regular U.S. mail to the

     person(s) and at the address(es) which follow:

11   Bruce W. Wagner, Esq.
     **ATTORNEY AT LAW**
12   1440 N. Harbor Blvd.
     Suite 800
13   Fullerton, California 92835

14

15   Attorney for Plaintiff
     Horng Technical Enterprise Co., Ltd.

16   I am readily familiar with the business practice of Sandler, Travis & Rosenberg

17   and Glad & Ferguson, P.C. for collection and processing of correspondence for mailing

18   with the United States Postal Service.    In accordance with that practice, the

19   correspondence would be placed in a sealed envelope, with postage fully prepaid, and

20   deposited with the United States Postal Service that same day in the ordinary course of

21   business.

22   I declare under penalty of perjury under the laws of the United States that the

23   foregoing is true and correct and that this proof of service was executed on October 12,

24   2005 at Los Angeles, California.

25

26   TRACIE WINDOM

27

28

-10-

ANSWER AND COUNTERCLAIM