**BRUCE W. WAGNER**
ATTORNEY AT LAW
1440 NORTH HARBOR BOULEVARD, SUITE 900
FULLERTON, CALIFORNIA 92835
(714) 449-3338     FAX (714) 449-0468
brucewwagner@aol.com

June 23, 2010

**Via ECF**
The Honorable Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Room 217
Newark, NJ  07101-0999

   Re: <u>Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc.</u>, 06cv00816

Dear Judge Chesler:

  I represent Plaintiff Horng Technical Enterprise Co., Ltd. ("Horng") in the above-referenced matter.

  On June 4, 2010, the third day of jury trial, counsel for Horng and Sakar International, Inc. ("Sakar") reported the case settled to your honor. During discussions between counsel and your honor as to implementation of the settlement, my co-counsel Lawrence Hersh and I suggested that the settlement be implemented by way of a stipulated judgment. A stipulated judgment has the same force and effect as any other judgment and, constitutes a final adjudication. *A.D. Julliard & Co. v. Johnson*, 166 F. Supp. 577, 585 (S.D.N.Y. 1957).

  Ezra Sutton, attorney of record for Sakar International, Inc. ("Sakar"), stated he wanted settlement documents consisting of a settlement agreement and mutual release to be signed by the liquidator on behalf of Horng and an officer of Sakar instead of a stipulated judgment.

  I responded that the signature of the liquidator to settlement documents was unnecessary because I had authority to settle and that a stipulated judgment would satisfy any concerns.

  I also stated that I did not know whether the liquidator would sign the settlement documents in that, although I had authority to settle, the liquidator and I had yet to agree on how the settlement funds would be distributed based on the settlement being for $250,000.00, a minimal amount. I reminded your honor that I was on a contingency fee (notice of lien previously filed) and that monies used to finance the case over the years from a third party were significant and would have to be reimbursed pursuant to a lien that I received.

  Your honor responded that the court would maintain jurisdiction to enforce the settlement if I was unable to obtain the signature of the liquidator to the settlement documents within thirty (30) days and that any court order enforcing the settlement would release the parties from any liability in the case.

The Honorable Stanley R. Chesler, U.S.D.J.
Page 2
June 23, 2010

      The terms of the settlement agreement and release were then read into the record and approved by the Court. The jury was released. The case was dismissed with prejudice.

      Of the $250,000.00 settlement, my office is to receive $125,000.00 based on my contingency fee agreement for 50% of any recovery. The remaining $125,000.00 will be used to repay a portion of the $200,000.00 owed to the third party who financed this case over the years. There will, therefore, be nothing left over to be distributed to the liquidator from the $250,000.00 in settlement funds.

      The liquidator stated his signature to the settlement documents is unnecessary in that he will not be receiving any part of the $250,000 settlement and thus he will not sign the settlement documents.

      A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it. *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974).

      Based on the above, I respectfully request that your honor issue an order enforcing the settlement by directing that Sakar immediately pay the settlement sum of $250,000.00 into my client trust account and releasing all parties from any claims related to the litigation.

      Thank you.

Very truly yours,

*Bruce W. Wagner*
Bruce W. Wagner

cc: Ezra Sutton, Esq. (vie ECF) w/encl.