LAW OFFICES

# EZRA SUTTON, P. A.

A PROFESSIONAL CORPORATION

900 ROUTE 9

WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

June 24, 2010

**<u>Via ECF</u>**

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Room 217
Newark, New Jersey 07101-0999

   RE: SAKAR 6.0-006
      Horng Technical Enterprise, Co., Ltd. v. Sakar International, Inc.
      Civil Action No.: 06-cv-00816

Dear Judge Chesler:

   On behalf of Sakar International, we are responding to Bruce Wagner's letter of June 23, 2010 to Your Honor. Mr. Wagner has requested that the Court issue an Order, based simply on his letter; and it does not appear that Mr. Wagner is requesting permission to file a Motion. For the reasons listed below, Sakar is opposed to this request, and Sakar intends to file a more detailed response by June 28, 2010.

   1) For the Court's convenience, attached is a copy of the handwritten Settlement Agreement and Release executed on June 4, 2010, and entered on the record by the Court. As You Honor knows, paragraph 1 of the Settlement Agreement specifically states that:

   "The Court appointed liquidator in Taiwan must sign the Settlement Agreement and Release before any settlement funds are paid to the Court appointed liquidator of Horng and before any funds are released to Bruce Wagner, the attorney for Horng."

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
June 24, 2010
Page 2

2)      In addition, paragraph 2 of the Settlement Agreement specifically states that:

"Once the Court appointed liquidator signs the Settlement Agreement, Sakar shall pay $250,000 to the Trust Account of attorney Bruce Wagner for disbursement to Mr. Wagner and the Liquidator."

3)      Based on the lengthy discussions between the parties and the Court on June 4, 2010, Your Honor knows that the entire premise of the Settlement Agreement and Release, was that the liquidator, who had the authority to re-instate the case on behalf of the Court in Taiwan and to collect taxes on behalf of the Taiwan government, was the only one who had the authority on behalf of the Taiwan Court to provide a Release to Sakar that would be acceptable to a Taiwan Court, in case a third party or creditor made a claim against Sakar. In fact, Sakar has offices in China and Hong Kong and could be sued over there. The Court agreed with this concept, and the settlement was entered on that basis.

4)      In Mr. Wagner's letter of June 23, 2010, he has taken the liberty of ignoring the entire premise and express condition precedent of the Settlement Agreement, and states that "the liquidator's signature is not necessary since he will not be receiving any of the settlement funds." This breaches both paragraphs 1 and 2 of the Settlement Agreement quoted above. Paragraph 1 is breached since there will be no Release from the liquidator even though paragraph 1 states that the liquidator "must sign" the Settlement Agreement and Release before any settlement funds are paid to the liquidator and before any funds are paid to Bruce Wagner.

5)      Paragraph 2 is also breached since it specifically states that the settlement funds are for "disbursement to Mr. Wagner and the Liquidator." There is no provision anywhere that Bruce Wagner may disburse the liquidator's 50% share of the settlement funds to re-pay a portion of the $200,000 that Mr. Wagner owes to a third party who financed this case. This is especially outrageous if the "third party" is either Harry Hung (the embezzler) or a relative of his, such as his wife, who came to Court for a prior Settlement Conference.

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
June 24, 2010
Page 3

6)      Further, Bruce Wagner has provided  no declaration from  the liquidator which states that he has agreed that his 50% share can be paid to a third party instead of to the Taiwan government for taxes owed by the Horng Corporation.

7)      It appears that the liquidator was improperly used to re-instate this case, and that the liquidator is now being improperly eliminated from any recovery on behalf of the Taiwan government.  If this turns out to be the case, Sakar will make a Motion to recover from Bruce Wagner all legal fees and expenses incurred by Sakar in preparing for and attending the various Court hearings and trial that occurred after this action was dismissed in January 2010 through June 4, 2010, which is in the range of $44,000.  In addition, it appears that the time of the Court, the jurors, and the witnesses was wasted by improperly using the liquidator to re-instate this action.

For the foregoing reasons, Sakar objects to plaintiff's request to issue an Order, based solely on the representations set forth in Mr. Wagner's letter of June 23, 2010, without any sworn statements from him or anyone else, and without any supporting documents.  In addition, in view of what has occurred, it is requested that the Court order Mr. Wagner to produce all agreements and correspondence between Mr. Wagner and the liquidator, from January 1, 2010 to the present date, and all correspondence with the third party who financed this case in the amount of $200,000.

Respectfully submitted,

EZRA SUTTON

ES/mdp
Enclosures

cc:     Bruce Wagner (by email)
        Larry Hersh (by email)
        Sakar International (by email)