BRUCE W. WAGNER
ATTORNEY AT LAW
1440 NORTH HARBOR BOULEVARD, SUITE 900
FULLERTON, CALIFORNIA 92835
(714) 449-3338     FAX (714) 449-0468
brucewwagner@aol.com

June 28, 2010

**Via ECF**
The Honorable Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Room 217
Newark, NJ  07101-0999

    Re:  Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816

Dear Judge Chesler:

    I represent Plaintiff Horng Technical Enterprise Co., Ltd. ("Horng") in the above-referenced matter.

    This letter is in reply to the letter electronically filed with the Court on June 24, 2010, by Ezra Sutton, attorney for Sakar International, Inc. ("Sakar").

    The liquidator provided his signed declaration, filed with the Court, that authorized me and my co-counsel to maintain the case through trial.

    The parties through counsel first agreed to settle the case by Sakar's payment to Horng of $250,000.

    Mr. Sutton suggested that the liquidator be given thirty (30) days to sign the settlement documents.  It was agreed that your honor maintain jurisdiction to enforce the settlement if I was unable to obtain the signature of the liquidator to the settlement documents within thirty (30) days in that I had yet to reach agreement with the liquidator as to distribution of settlement funds.  The above terms are reflected in the handwritten settlement agreement signed by counsel and your honor and then filed with the Court on June 4, 2010.  Your honor also stated that any court order enforcing the settlement would release the parties from any liability related to the case.

    As set forth in the settlement agreement, the settlement funds were to be deposited by Sakar into my client trust account.  From there, I would have authority to have payment made to myself on my contingency fee, pay any other liens on the case including the lien of the third party who financed this case, and then pay the liquidator any remaining funds.

    Mr. Sutton claims that any mention of this third party lien is outrageous as to anyone related to Harry Hung.  Attached please find my letter to the court filed on December 9, 2009, stating that I had recently received a notice of lien from Susan Hung indicating she has a lien on

The Honorable Stanley R. Chesler, U.S.D.J.
Page 2
June 28, 2010

the proceeds of this case of over $200,000 representing funds to loaned to Horng to pay for fees and costs for local counsel, Taiwan counsel, my travel expenses, payments to crews to inspect and test products, etc. For Mr. Sutton to now claim that any mention of this third party lien is outrageous is absolutely incredulous.

    Mr. Sutton's focus on the liquidator signing the settlement documents is a red herring.

    There has been nothing submitted by Mr. Sutton indicating that Horng's creditors will be filing claims against Sakar.

    It is Mr. Sutton's apparent intention to prevent Sakar from paying anything to Horng.

    This is not the first time.

    1. Please see Horng's motions for sanctions under Rules 11 and 26 for Sakar's failure to disclose there were vendors other than Horng who sold optical mice to Sakar that allegedly infringed GLIP's patents.

    2. Please recall Mr. Sutton's conduct during trial in trying to introduce into evidence documents that were never supplied to me and my co-counsel during discovery, trying to offer evidence on issues not set forth in the final pretrial order, and your honor having to instruct the jury to disregard a portion of Mr. Sutton's opening statement that was prejudicial to Horng

    I look forward to discussing this matter with your honor and counsel.

    Thank you.

Very truly yours,

*Bruce W. Wagner*
Bruce W. Wagner

cc: Ezra Sutton, Esq. (vie ECF) w/encl.

**BRUCE W. WAGNER**
ATTORNEY AT LAW
1440 NORTH HARBOR BOULEVARD, SUITE 900
FULLERTON, CALIFORNIA 92835
(714) 449-3338     FAX (714) 449-0468
brucewwagner@aol.com

December 9, 2009

**Via ECF**
The Honorable Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Room 217
Newark, NJ  07101-0999

      Re:  <u>Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc.</u>, 06cv00816

Dear Judge Chesler:

I, along with Lawrence C. Hersh, represent plaintiff Horng Technical Enterprise Co., Ltd. ("Horng") in the above-referenced matter.

In our prior letter to your honor dated October 29, 2009, we requested a settlement conference and presented Horng's position that Horng is entitled to the full amount of the collection claim against Sakar, that the collection claim should not be offset due to any claim of alleged defective goods, that Horng is not required to indemnify Sakar for the GLIP action, and that Chunghwa Post is not an issue in this litigation.

In response to our letter to the court, your honor set a settlement conference for December 15, 2009, 9:30 a.m., with counsel and parties required to appear in person.

This letter is being submitted to your honor with an update as to new information recently received.

I recently received a notice of lien from Susan Hung, officer and director of Horng, indicating she has a lien on the proceeds of this case for $245,000, representing funds she loaned to Horng to pay for fees and costs for local counsel, Taiwan counsel, travel expenses for co-counsel, payments to crews to inspect and test products, etc.  I also recently received written notification from Harry Hung that he is the legal representative in a pending civil case in Taiwan for Horng and not Chunghwa Post.  The case is Wu Chao Kun v. Horng Technical Enterprise Co., Ltd, case # ChungShan #69, 2009.

                                   Very truly yours,

                                   /s/Bruce W. Wagner
                                   Bruce W. Wagner

cc:  Ezra Sutton, Esq. (vie ECF)