# Exhibit A

06-816

<u>Settlement Agreement & Release</u>

Horng Technical, through its designated agent, the Court appointed Liquidator in Taiwan (Mr. Fan), & Aaker Industrial, hereby agrees to the following settlement terms of Civil Action No.

1) The Court appointed liquidator in Taiwan must sign the Settlement Agreement & Release before any settlement funds are paid to the Court appointed liquidator of Horng & before any funds are released to Bruce Wagner, the attorney for Horng.

2) Once the Court appointed liquidator signs the Settlement Agreement, Aaker shall pay $250,000 to the Trust Account of atty Bruce Wagner for disbursement to Mr. Wagner & the liquidator.

3) This Court, Judge Chesler, shall retain jurisdiction ~~authority~~ to enforce this Settlement & Mutual Releases.

4) The Case is hereby dismissed with prejudice.

June 20/10 — five depths — By Wg Fowler

5) The liquidator must sign the settlement agreement & mutual releases within 30 days of today's date.

# Exhibit B

Subj:    **settlement agreement and mutual release**
Date:    6/9/2010
To:      esutton@ezrasutton.com
CC:      LH@hershlegal.com

## VIA E-MAIL AND U.S. MAIL

6/9/10

RE: settlement agreement and mutual release

Ezra:

Attached are the settlement agreement and mutual release that I drafted.  Please review and advise of any changes you think need to be made.

Thanks.

Bruce W. Wagner, Esq.
1440 N. Harbor Blvd., Suite 900
Fullerton, California 92835
(714) 449-3338 phone
(714) 449-0468 fax
brucewwagner@aol.com

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

Thank you.

## SETTLEMENT AGREEMENT

HORNG TECHNICAL ENTERPRISE CO., LTD. ("Horng"), on the one hand, and

SAKAR INTERNATIONAL, INC. ("Sakar"), on the other hand, ("the parties") in consideration

of the promises made herein, agree as follows.

### Nature and Effect of Settlement Agreement

1. This Settlement Agreement consists of a compromise and settlement by each party of

that party's claims against the other party from the dispute described in Paragraph 2. A Mutual

Release to be signed by the parties has been prepared in a separate document by which each

party is relinquishing all claims against the other party. By executing this Settlement Agreement,

each of the parties intends to and does hereby extinguish the obligations heretofore existing

between them. This Settlement Agreement is not, and shall not be treated as, an admission of

liability by either party for any purpose.

### Nature and Status of Dispute

2. On August 31, 2005, Horng filed suit against Sakar for breach of contract and non-

payment of goods after Sakar failed to pay the sum of $940,609.83 to Horng for computer

accessories that Horng sold and shipped to Sakar in New Jersey. In response to the lawsuit,

Sakar filed an answer, counterclaims, and affirmative defenses. Sakar counterclaimed for

indemnification for patent infringement, defective products, and breach of implied warranties.

On June 2, 2010, a jury trial was commenced in the case of Horng Technical Enterprise Co., Ltd.

v. Sakar International, Inc., 06cv00816, United States District Court, District of New Jersey,

before the Honorable Stanley R. Chesler, U.S.D.J. On June 4, 2010, the parties settled the

above-referenced case and agreed to sign a Settlement Agreement and a Mutual Release. The

above-referenced action was then dismissed with prejudice by the Court.

## Mutual Compromise Agreement

3. Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all past, present, or future claims, demands, obligations, or causes of action, whether based on tort, contract, or other theories of recovery, that the party now has or may hereafter have against the other party and the other party's predecessors and successors in interest, heirs, and assigns, arising from the subject matter of the actions described in Paragraph 2, on the following terms and conditions:

(a) In full settlement of Horng's claim against Sakar and in consideration of Horng dismissing with prejudice its complaint against Sakar, Sakar agrees to pay Horng the sum of $250,000.00 by check, or wire, to Bruce W. Wagner Atty. At Law, Client Trust Acct., immediately after the parties sign this Settlement Agreement and the accompanying Mutual Release.

(b) In full settlement of Sakar's claim against Horng and in consideration of Sakar dismissing with prejudice its counterclaims against Horng, Horng agrees to give up any damage claims it has against Sakar arising from the subject matter of the actions described in Paragraph 2.

(c) The parties agree that this compromise and settlement shall constitute a bar to all past, present, and future claims arising out of the subject matter of the actions described in Paragraph 2.

## Advice of Attorney

4. Each party warrants and represents that in executing this Settlement Agreement, it has relied on legal advice from the attorney of its choice; that the terms of this Settlement Agreement have been read and its consequences (including risks, complications, and costs) have

been completely explained to it by its attorney; and that it fully understands the terms of this Settlement Agreement. Each party further acknowledges and represents that, in executing this Settlement Agreement, it has not relied on any inducements, promises, or representations made by the other party or any person representing or serving the other party.

## Conditions of Execution

5.  Each party acknowledges and warrants that its execution of this Settlement Agreement is free and voluntary.

## Execution of Other Documents

6.  Each party to this Settlement Agreement shall cooperate fully in the execution of any and all other documents and in any additional acts that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

## Attorney's Fees

7.  Each party to this Settlement Agreement shall bear all attorneys' fees and costs arising from that party's own counsel in connection with the complaint, counterclaims, this Settlement Agreement, and the matters referred to herein, the dismissal of the complaint, and all related matters. This paragraph shall be applicable to this entire Settlement Agreement.

## Entire Agreement

8.  This Settlement Agreement contains the entire agreement between the parties except for the Mutual Release referenced above.

## Effective Date

9.  This Settlement Agreement shall become effective immediately on execution by the parties.

## Governing Law

10. This Settlement Agreement is entered into, and shall be construed and interpreted, in accordance with the laws of the State of New Jersey.

Severability

11. If any provision of this Settlement Agreement, or any portion thereof, is held by a court of competent jurisdiction to be illegal or invalid, said provision or portion thereof shall be deemed to be severed and deleted from this Settlement Agreement, and neither such provision, its severance, nor deletion shall affect the validity of the remaining provisions of this Settlement Agreement.

Other

12. This Settlement Agreement may be executed in counterparts. Fax signatures are acceptable.

13. Each of the parties hereby represents and warrants that it has not heretofore assigned or transferred or purported to assign or transfer to any person any claim, contention, demand, action, cause of action, debt, agreement, obligation or liability of any nature, character, or description whatsoever, which is or purports to be released or discharged herein.

14. All persons executing this Settlement Agreement on behalf of any partnership, corporation, person, or other entity hereby represent and warrant, for the benefit of the other parties, that such person is duly and legally authorized by such entity to execute this Settlement Agreement and to perform, on behalf of such entity, all of such entity's duties and obligations hereunder. Such representations and warranties shall survive full execution of and performance under this Settlement Agreement.

15. This Settlement Agreement may not be modified or amended orally. No modification or amendment shall be effective unless it is in writing signed by all of the parties.

4

Dated:_____          SAKAR INTERNATIONAL, INC.

                              By:_____
                                  Charles Saka
                                  Its: President


Dated:_____          HORNG TECHNICAL ENTERPRISE CO., LTD.

                              By:_____
                                  CHANG WEN-FENG
                                  Its: Court Appointed Liquidator


## APPROVED AS TO FORM AND CONTENT


Dated:_____          _____
                              BRUCE W. WAGNER.
                              Attorney for Horng Technical Enterprise Co., Ltd.


Dated:_____          _____
                              EZRA SUTTON, Esq.
                              Attorney for Sakar International, Inc.

## MUTUAL RELEASE

FOR AND IN CONSIDERATION of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties, the parties agree and covenant as follows:

1. The undersigned, Horng Technical Enterprise Co., Ltd. (hereinafter referred to as "Horng"), does hereby release, acquit and forever discharge Sakar International, Inc. (hereinafter referred to as "Sakar"), and its successors, agents, assigns, employees, representatives, and any and all other persons, firms and whatsoever, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, both known and unknown, arising out of related to or in any way connected with the litigation known as Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816, United States District Court, District of New Jersey.

2. The undersigned Sakar does hereby release, acquit and forever discharge Horng and its successors, agents, assigns, employees, representatives, and any and all other persons, firms and whatsoever, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, both known and unknown, arising out of related to or in any way connected with the litigation known as Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816, United States District Court, District of New Jersey.

3. Sakar shall pay Horng the sum of $250,000.00 as consideration for this release upon execution of this release and settlement agreement by said parties.

4. It is understood and agreed that the settlement evidenced by this release is a compromise of all claims herein specified, whether past, present or future, that such claims are disputed, and that execution of this release is not to be construed as an admission of liability on the part of any party. Rather, liability is expressly denied.

5. The consideration expressly mentioned herein is the only consideration paid or to be paid by said parties hereby released. The parties acknowledge that no other party, or agent, or attorney of any other party, has made any promise, or representation or warranty to induce this release, not herein expressly set forth, and no such promises, representations or warranties are relied upon as consideration for this release, or otherwise, but any and all of the parties' respective claims, of whatever nature are hereby fully and forever released, compromised and settled. Full and complete compromise, settlement, and accord and satisfaction are hereby acknowledged, and it is expressly agreed by the undersigned parties never to sue any of the other party hereby released on any alleged promise, representation or warranty for this release not herein expressly set forth.

6. This agreement contains the entire agreement and understanding between the parties as to the matters specified herein and supersedes and replaces all prior negotiations or proposed agreements on this subject matter, whether written or oral. The terms contained herein may not be modified or amended except in writing signed by the parties. The terms of this release are contractual and not a mere recital. Since the purpose of this release is to end this matter forever,

1

should it develop that there are any errors, mistakes or any omissions in this instrument, whether legal or factual and whether mutual or unilateral, which would cause the release of the parties herein released to be defective or less than complete, then the undersigned will sign any and all documents and do any and all things necessary to effectuate a full, final and absolute release of said parties and all others having any liability.

7.   The undersigned further state that they have carefully read the foregoing instrument; that they know the contents thereof; that it has been fully explained to them by their attorney; that they understand and agree to each and every term and condition contained herein; that they signed the same as their own free act and deed; and that they have not assigned any rights released hereunder to any person or organization, private or governmental.

8.   The terms of this release arose from negotiations and discussions between the parties, each of whom were represented by legal counsel.  Accordingly, no claimed ambiguity in this release shall be construed against any party claimed to have drafted or proposed the language in question.

9.   This release shall be governed by and construed pursuant to the laws of the State of New Jersey.

10.   This release may be executed in two counterparts, each of which shall be deemed an original.  Fax signatures are acceptable.

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

*//////*

Dated:_____          SAKAR INTERNATIONAL, INC.

                               By:_____
                                  Charles Saka
                                  Its: President


Dated:_____          HORNG TECHNICAL ENTERPRISE CO., LTD.

                               By:_____
                                  CHANG WEN-FENG
                                  Its: Court Appointed Liquidator


**APPROVED AS TO FORM AND CONTENT**


Dated:_____          _____
                               BRUCE W. WAGNER.
                               Attorney for Horng Technical Enterprise Co., Ltd.


Dated:_____          _____
                               EZRA SUTTON, Esq.
                               Attorney for Sakar International, Inc.

# Exhibit C

Subj:      **Horng v. Sakar -- Proposed Settlement Agreement and Mutual Release**
Date:      6/16/2010 6:33:43 A.M. Pacific Daylight Time
From:      esutton@ezrasutton.com
To:        BRUCEWWAGNER@aol.com, lh@hershlegal.com
CC:        RSasson@sakar.com, CSaka@sakar.com

Dear Bruce and Larry:

I have reviewed your proposed Settlement Agreement and Mutual Release, and I have the following changes to suggest:

1) In the Settlement Agreement, the second sentence of paragraph 12 should be deleted, and replaced with the following: "Original and notarized signatures (with the Chop of Mr. Feng) of the two parties are required, with the notary confirming that each person signing this Settlement Agreement and Mutual Release, is in fact the person identified in these documents."

2) In the Settlement Agreement, add a new section incorporating all relevant paragraphs from Mr. Feng's declaration to the U.S. court that: he was appointed by the court in Taiwan as the liquidator of Horng to collect debts, etc.; that he, in fact, appointed attorney Bruce Wagner to represent the liquidator in the U.S. court case of Horng v. Sakar; that he authorized Bruce Wagner to re-instate the U.S. court action; that he has authority to settle this case for the amount stated; that he is authorized on behalf of the court in Taiwan to execute this Settlement Agreement and Mutual Release; and to warrant that there are no other claims by any other parties or creditors of Horng that can be asserted against Sakar.

3) In the Mutual Release, paragraph 3 should be amended to read: "Sakar shall pay the authorized attorney Bruce Wagner, on behalf of the authorized liquidator of Horng Technical Enterprise Co., Ltd., the sum of $250,000 as consideration for this Release and Settlement Agreement, upon execution of this Release and Settlement Agreement by said liquidator, and by an authorized officer of Sakar International."

4) Notary statements should be added to the signatures of Sakar and the liquidator on both the Settlement Agreement and Mutual Release, and the notary statement shall state that "the person signing the document is in fact the person identified in the document," and the "Chop" of Mr. Feng should be included on both documents.

5) In the Mutual Release, a paragraph should be added stating that: "the Liquidator is authorized by the court in Taiwan to release all claims of all creditors of Horng against Sakar International."

When Mr. Feng signs and notarizes both documents with his Chop, we will arrange to have Sakar's Taiwan attorney present to be a witness to the execution of the documents by Mr. Feng.

If you have any questions regarding the foregoing, please call me.

EZRA SUTTON
900 Route 9 North
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511

# Exhibit D

Subj:    **settlement documents; Horng v. Sakar**
Date:    6/29/2010
To:    esutton@ezrasutton.com

6/29/10

RE: settlement documents; Horng v. Sakar

Ezra:

Horng will not go forward with any motions.

I have been informed that the liquidator will sign the settlement documents consisting of the settlement agreement and the mutual release.

I revised the settlement documents based on our conversation yesterday. Per your request, various changes were made including the addition of language from the liquidator that any claims by Horng's creditors against Sakar are barred and release. The liquidator will sign the settlement documents with his chop/seal. The settlement documents have been E-mailed to you.

Please review the settlement documents and present them to your client for signature.

I look forward to finalizing the settlement so that we can close our files.

Thanks much.

Bruce W. Wagner, Esq.
1440 N. Harbor Blvd., Suite 900
Fullerton, California 92835
(714) 449-3338 phone
(714) 449-0468 fax
brucewwagner@aol.com

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

Thank you.

# Exhibit E

Subj:     **Horng v. Sakar**
Date:     6/30/2010 1:40:49 P.M. Pacific Daylight Time
From:     esutton@ezrasutton.com
To:       BRUCEWWAGNER@aol.com
CC:       lh@hershlegal.com, RSasson@sakar.com, CSaka@sakar.com, allana@sakar.com
Dear Bruce:

        We have reviewed your revised draft of the Settlement Agreement and Mutual Release that you sent us yesterday for review.  As we discussed by telephone, Sakar is insisting on two changes.

        First, our legal representative from the Russin Vecchi law firm in Taiwan, must be present when the liquidator personally signs the Settlement Agreement and Mutual Release documents, to insure that the legitimate person is signing the documents.

        Second, Sakar wants to prevent any of their settlement funds from being transferred to the convicted embezzler Harry Hung, his wife, or any one in their family.  This new requirement is based on your statement to the Court that Hung's wife has filed a lien for $245,000 to recover legal expenses that she incurred in financing this case against Sakar.  It is Sakar's position that, but for the embezzler's family financing this case with embezzled funds, this case would have been discontinued long ago, since the Horng company has been defunct since 2005.

        Therefore, Sakar considers it to be an outrage that embezzled funds were used to finance this case, and secondly, it would also be an outrage for the embezzler or his family to be reimbursed by Sakar's settlement funds.  Such funds should go to the creditor banks in Taiwan that were defrauded, not to the embezzler's family.  **Sakar and the Court should not be asked to participate in this deception**.  Accordingly, it is Sakar's position that the Settlement Agreement should include a statement that none of Sakar's settlement funds will be used to reimburse Hung or his family, even if they have a lien, since the creditor banks have earlier liens that must be paid first.

        Please let me know if you agree with both of these changes to the Settlement Agreement and Mutual Release?  If not, we have been authorized by Sakar to file a motion with the Court to request these additions to the settlement documents.  In this regard, please note that we shall argue to Judge Chesler that the hand written Settlement Agreement (paragraph 2) specifically states that the settlement funds are "for disbursement to Mr. Wagner and the liquidator," so there was no intention that the settlement funds be disbursed to Mr. Hung or his family.

EZRA SUTTON
900 Route 9 North
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511

# Exhibit F

**From:** BRUCEWWAGNER@aol.com [mailto:BRUCEWWAGNER@aol.com]
**Sent:** Thursday, July 08, 2010 6:48 PM
**To:** esutton@ezrasutton.com
**Subject:** settlement documents

## VIA E-MAIL AND FEDERAL EXPRESS

July 8, 2010

LAW OFFICES
EZRA SUTTON, P.A.
Plaza 9 Building
900 Route 9
Woodbridge, New Jersey 07095

   RE: Horng Technical Enterprise Co., Ltd. vs. Sakar International, Inc.,
    U.S.D.C., District of New Jersey, Case No. 2-06-cv-00816SRC-MAS

Dear Ezra:

This is in response to your E-mail to me of June 30, 2010.

The settlement agreement and the mutual release have been revised to reflect that the signature of the liquidator to these settlement documents shall be witnessed by Sakar's legal representative from the Russin Vecchi law firm in Taiwan.  Please see paragraph 16 of the Settlement Agreement and paragraph 11 of the Mutual Release that reflect this change.  (documents attached).

Please advise when Sakar's legal representative from the Russin Vecchi law firm can be present at the liquidator's office next week to witness his signature to the settlement agreement and the mutual release.

The settlement agreement and the mutual release have been revised to reflect that the settlement funds deposited into my trust account shall only be disbursed to me and to the liquidator.  Please see paragraph 3(a) of the settlement agreement and paragraph 3 of the mutual release that reflect this change.

Please have your client sign the settlement agreement and the mutual release at the indicated locations. Please provide your signature at the indicated locations.

Thank you.

Bruce W. Wagner, Esq.
1440 N. Harbor Blvd., Suite 900
Fullerton, California 92835
(714) 449-3338 phone
(714) 449-0468 fax
brucewwagner@aol.com

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

Thank you.

# Exhibit G

Subj:   **RE: Settlement Documents**
Date:   7/9/2010 9:24:24 A.M. Pacific Daylight Time
From:  esutton@ezrasutton.com
To:    BRUCEWWAGNER@aol.com
CC:    CSaka@sakar.com, RSasson@sakar.com

Dear Bruce:

I have received your letter and email of July 8, 2010 enclosing a revised Settlement Agreement and Mutual Release, wherein you have agreed to have Sakar's legal representative present to witness the signature of the liquidator. You also request that Sakar sign the settlement documents.

There are a number of problems with the foregoing:

1) According to the Settlement Agreement which you agreed to and signed in Court on June 4, 2010, paragraph 5 states that "the Liquidator must sign the Settlement Agreement and Mutual Release within 30 days of today's date." Accordingly, the deadline was July 4, 2010, and even if you take the July 4 holiday into consideration, the latest deadline was July 6, 2010. Therefore, you have failed to comply with this explicit deadline in the Settlement Agreement.

2) In addition, paragraph 5 states that the Liquidator must sign the settlement documents before the deadline. You failed to make arrangements prior to the deadline with either myself or Russin Vecchi for the Liquidator to sign the settlement documents. Therefore, you have also failed to comply with this term of the Settlement Agreement.

3) In addition, as early as June 16, 2010, I requested that your settlement documents be modified to allow Sakar's Taiwan attorney to be a witness to the Liquidator's signature. On June 16, 2010, on page 3 of your reply letter you stated that "there is no need for this whatsoever."

4) Further, on June 23, 2010, you advised Judge Chesler "the signature of the Liquidator to the settlement documents was unnecessary…"

5) On June 28, 2010, we held a conference with Judge Chesler and he effectively ruled that your position was incorrect.

6) On June 29, 2010, you stated in an email that you had revised the settlement documents, but still refused to allow Sakar's Taiwan attorney to be a witness to the Liquidator's signature.

7) On June 30, 2010, I sent you another email insisting that our legal representative must be present when the Liquidator signs the Settlement Agreement.

8) You did not respond to my June 30, 2010 email until July 8, 2010, well after the deadline. Also, prior to the deadline, you failed to make arrangements with either myself or Russin Vecchi for the Liquidator to sign the settlement documents.

In view of the foregoing, the Settlement Agreement has been breached. In addition, your delays discussed above in paragraphs 3, 4, 5, and 6, are the cause of the breach. When the deadline passed, and we did not hear from you, it is our position that the specific terms of the settlement were breached. Therefore, Sakar does not have to comply with the Settlement Agreement that you breached.

EZRA SUTTON
900 Route 9 North
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511