LAW OFFICES
# EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

July 27, 2010

**By ECF**
Judge Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Newark, New Jersey 07102

RE:  Our File: SAKAR 6.0-006
     Horng Technical Enterprise, Co., Ltd. v. Sakar International, Inc.
     Civil Action No.: 06-cv-816

## REQUEST FOR DISCOVERY ORDER

Dear Judge Chesler:

On behalf of Sakar, we intend to oppose Horng's motion to enforce the Settlement Agreement. A brief outline of Sakar's intended opposition memorandum is attached in order to advise the Court of the basic reasons for its opposition.

For the reasons stated in the attached brief outline of Sakar's opposition, Sakar respectfully requests a Discovery Order ordering attorney Wagner to produce all communications between attorney Wagner and any of his representatives and associates, and the Liquidator, and any of his translators, representatives, and associates, during the critical period of June 1, 2010 through July 22, 2010, the date of the motion.

As pointed out in the attached outline, attorney Wagner's motion has placed in issue the question of who caused the delays with regard to obtaining the Liquidator's signature. Therefore, Sakar requires this discovery to show that as of June 28, 2010, the date of the conference with the Court, attorney Wagner had apparently not yet contacted the Liquidator

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
July 27, 2010
Page 2

because Attorney Wagner was somehow of the opinion that the Settlement Agreement of June 4, 2010 did not require the Liquidator's signature, and did not require any payment to the Liquidator. It is also noted that in support of Attorney Wagner's motion, he failed to provide even a single communication between himself and the Liquidator. For this additional reason, this discovery is relevant and necessary.

If the Court approves this request, please "So Order" this discovery request below.

Respectfully submitted,

EZRA SUTTON, Esq.

ES/mdp

Enclosures

cc:   Larry Hersh, Esq. (by email)
      Bruce Wagner, Esq. (by email)

**SO ORDERED:**

Attorney Wagner is ordered to produce the documents requested within ten (10) days of this Order. Sakar's opposition memorandum shall be filed ten (10) days after attorney Wagner serves the requested documents on Sakar's counsel.

_____
Judge Stanley R. Chesler, U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

```
―――――――――――――――――――――――――――X
HORNG TECHNICAL ENTERPRISE       :
CO., LTD.                        :
                                 :   Hon. Stanley R. Chesler, U.S.D.J
            Plaintiff,           :   Hon. Michael A. Shipp, U.S.M.J.
                                 :   Civil Action No. 06-816 (SRC) (MAS)
        vs.                      :
                                 :
SAKAR INTERNATIONAL, INC.        :
                                 :
                                 :
            Defendant.           :
                                 :
―――――――――――――――――――――――――――X
```

## DEFENDANT SAKAR'S REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING SAKAR'S OPPOSITION TO PLAINTIFF'S MOTION FOR SETTLEMENT ENFORCEMENT

Produce all documents relating to all communications to Attorney Wagner and any of his representatives and associates from the Liquidator, and any of his translators, representatives, and associates between June 1, 2010 and July 22, 2010, the date of Plaintiff's Motion for Settlement Enforcement; and from Attorney Wagner and any of his representatives and associates to the Liquidator and any of his translators, representatives, and associates between June 1, 2010 and July 22, 2010, the date of Plaintiff's Motion for Settlement Enforcement.

Dated: July 27, 2010

                                                Respectfully submitted,

                                                EZRA SUTTON, Esq.
                                                900 Route 9 North, Suite 201
                                                Woodbridge, New Jersey 07095
                                                Tel: 732-634-3520
                                                Fax: 732-634-3511
                                                *Attorney for Defendant Sakar International*

cc:    Bruce Wagner (by email)
          Lawrence Hersh (by email)

EZRA SUTTON, Esq.
Ezra Sutton, P.A.
900 Route 9 North
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511

Attorney for Defendant Sakar International, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
HORNG TECHNICAL ENTERPRISE      :
CO., LTD.                        :
                                 :
                                 : Hon. Stanley R. Chesler, U.S.D.J
            Plaintiff,           : Hon. Michael A. Shipp, U.S.M.J.
                                 : Civil Action No. 06-816 (SRC) (MAS)
      vs.                        :
                                 :
SAKAR INTERNATIONAL, INC.        :
                                 :
                                 : Dated: July 27, 2010
                                 :
            Defendant.           :
                                 :
                                 :
————————————————————X

## SAKAR'S BRIEF OUTLINE OF ITS OPPOSITION TO HORNG'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

I.  **INTRODUCTION**

Defendant Horng Technical Enterprise Co., Ltd.'s ("Horng's") Motion for Settlement Enforcement should be denied for at least the following reasons:

**1) The Actions of Horng's Counsel Before this Court were in Breach of the June 4 Settlement Agreement and Delayed the Parties' Settlement Efforts.** –

On June 23, 2010, Attorney Wagner wrote to Judge Chesler that "the signature of the Liquidator to the Settlement documents was unnecessary…" because the Liquidator would not be receiving any part of the settlement funds from Sakar. Thereafter, on June 28, 2010, during a telephone conference with Judge Chesler, Attorney Wagner's position remained unchanged. He continued to assert that the signature of the Liquidator in Taiwan <u>was not required</u>. This was *just* one week before the expiration of the specified July 4, 2010 deadline in the June 4 Settlement Agreement to have the Liquidator complete and sign the Settlement Agreement and Mutual Release.

Attorney Wagner's positions on both June 23, 2010 and June 28, 2010 that the signature of the Liquidator in Taiwan was not required because he would not be receiving any settlement funds were **material breaches of paragraphs 1, 2, and 5 of the June 4 Settlement Agreement** – these were the only paragraphs that Attorney Wagner was obligated to comply with under the Settlement Agreement. More specifically, Attorney Wagner's position on June 28, 2010 constituted material breaches of paragraphs 1, 2, and 5 of the June 4 Settlement Agreement as follows:

(a) Paragraph 1 was being breached because the Liquidator would not be signing the Settlement Agreement and Mutual Release as expressly required and agreed to by Attorney Wagner in the June 4 Settlement Agreement. ("The <u>court appointed liquidator in Taiwan must</u>

sign the Settlement Agreement and Release before any settlement funds are paid to the court appointed liquidator and to Bruce Wagner, Horng's attorney.")

**(b)** Paragraph 2 was being breached because the Liquidator would not be receiving any of the settlement funds as expressly required and agreed to by Attorney Wagner in the June 4 Settlement Agreement. ("Once the court appointed liquidator in Taiwan signs the Settlement Agreement (and Release), Sakar shall pay $250,000 to the Trust Account of attorney Bruce Wagner for disbursement to Mr. Wagner and to the liquidator.")

**(c)** Paragraph 5 was being breached because the Liquidator would not be signing the Settlement Agreement and Mutual Release within 30 days as expressly required and agreed to by Attorney Wagner in the June 4 Settlement Agreement. ("The liquidator must sign the Settlement Agreement and Mutual Release within thirty (30) days of… [June 4, 2010].")

**2) Time *Was* of the Essence.** -- Time was of the essence (30 days) in the June 4 Settlement Agreement. Although the June 4 Settlement Agreement in this case did not contain a "time is of the essence" clause, the terms in the June 4 Agreement clearly contained the express provision that the liquidator "must" sign the Settlement Agreement and Mutual Release on a specific date ("The liquidator must sign the Settlement Agreement and Mutual Release within thirty (30) days of… [June 4, 2010]" (¶5)) and that payment of a sum certain by Sakar was expressly conditioned on the liquidator "signing the Settlement Agreement and Mutual Release" within this specific time period of "thirty (30) days of… [June 4, 2010]." (¶2). Thus, the settlement terms in this case could not be clearer: ☐Attorney Wagner was required to have the liquidator sign the Settlement Agreement and Mutual Release "within thirty (30) days of… [June 4, 2010]." The settlement agreement did not allow Attorney Wagner a "reasonable" time beyond 30 days to have the liquidator sign the Settlement Agreement and Mutual Release. Also, it used

the mandatory term "must" to make the meaning clear. In other words, the terms in this Agreement clearly contained the express provision for the liquidator's signature on a specific date and expressly conditioned Sakar's payment of a sum certain after the liquidator signed the Settlement Agreement and Mutual Release on that specific date. Thus, the June 4 Settlement Agreement should be construed to implicitly make time of the essence.

Attorney Wagner was clearly <u>the cause of the delays</u> in having the Liquidator sign the Settlement documents since he was contesting this material obligation in the conference with the Court as late as June 28, 2010. At that point, Attorney Wagner had only four business days left to contact the Liquidator to obtain his approval of the settlement documents and to obtain his signature.

Attorney Wagner's reply on July 8, 2010 which added the two provisions requested by Sakar (in two sentences), was a breach of the Settlement Agreement because it was subsequent to the July 6, 2010 deadline.

**3) <u>Sakar's Requests to: (a) have the Liquidator Sign the Settlement Documents in the Presence of Sakar's Taiwan Counsel, and (b) Expressly provide that the Wife of the Embezzler, Harry Hung, Does Not Receive any Settlement Funds, were Neither Unreasonable Terms, Nor New Terms.</u> --**

(a) Sakar's request to Attorney Wagner to revise his draft of the Settlement Agreement to have the Liquidator sign the settlement documents in front of Sakar's lawyer in Taiwan <u>was neither an unreasonable term nor a new term</u>. The June 4 Settlement Agreement required the Liquidator to sign (paragraph 1) and this request was a specific element of how the signing should take place -- to ensure that Mr. Feng, the Liquidator, was the actual signatory. Sakar first requested this on June 16, 2010, and Attorney Wagner did not agree to it until his reply of July 8, 2010. See Horng's Memorandum of Law, page 7. Attorney Wagner's reply on July 8, 2010 which added the provisions requested by Sakar (in one sentence), was a breach of the Settlement

Agreement because it was subsequent to the July 6, 2010 deadline.

**(b)** Sakar's request to Attorney Wagner to revise his draft of the Settlement Agreement to make sure that the wife of the embezzler Harry Hung does not receive any settlement funds was not a new term – the June 4 Settlement Agreement (Paragraph 2) specifically stated that the settlement funds be paid "to the Trust Account of attorney Bruce Wagner for disbursement to Mr. Wagner and the Liquidator." Attorney Wagner did not agree to this until his reply of July 8, 2010. See Horng's Memorandum of Law Page 7. There was no provision for and no intention that the settlement funds were to be disbursed to Mr. Hung or his wife. Attorney Wagner's reply on July 8, 2010 which added the provisions requested by Sakar (in one sentence), was a breach of the Settlement Agreement because it was subsequent to the July 6, 2010 deadline.

### 4) Sakar Demands that Attorney Wagner Produce All Communications Between Attorney Wagner and the Liquidator Between June 1, 2010 and July 22, 2010, the Date of this Motion. –

Finally, since Attorney Wagner states in support of Horng's Motion that Sakar's conduct was the direct cause of the delays in having the Liquidator sign (See pages 1, 10, and 11 of Horng's Memorandum of Law), Sakar demands that Attorney Wagner produce all communications between Attorney Wagner and the Liquidator between June 1, 2010 and July 22, 2010, the date of this Motion. Since Attorney Wagner has made this issue (the cause of the delays) the basis of its Motion, then Attorney Wagner must produce such documents to show that he made or did not make his "best efforts" or at least "reasonable efforts" to obtain the signature of the liquidator within the required 30 days. It is submitted that since Attorney Wagner was in breach of the June 4 Settlement Agreement as late as the June 28 conference with the Judge (wherein he asserted that the Liquidator's signature was not necessary), there is no way that Attorney Wagner can show that Horng made "reasonable efforts" or "best efforts" in this case to

obtain the signature of the liquidator.

Dated: July 27, 2010                        Respectfully submitted,

                                            _____
                                            EZRA SUTTON, Esq.
                                            900 Route 9 North, Suite 201
                                            Woodbridge, New Jersey 07095
                                            Tel: 732-634-3520
                                            Fax: 732-634-3511
cc:   Bruce Wagner (by email)               *Attorney for Defendant Sakar International*
      Lawrence Hersh (by email)