**BRUCE W. WAGNER**
ATTORNEY AT LAW
1440 NORTH HARBOR BOULEVARD, SUITE 900
FULLERTON, CALIFORNIA 92835
(714) 449-3338     FAX (714) 449-0468
brucewwagner@aol.com

July 28, 2010

**Via ECF**
The Honorable Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Room 217
Newark, NJ 07101-0999

      Re: <u>Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc.</u>, 06cv00816

Dear Judge Chesler:

      On July 22, 2010, Plaintiff Horng Technical Enterprise Co., Ltd. ("Horng") filed a motion to enforce settlement. The motion was based upon the settlement agreement that was entered into by the parties during the third day of jury trial on June 4, 2010 and Defendant Sakar's subsequent refusal to abide by the terms of the settlement agreement, claiming that more than 30 days have passed since the date of the settlement and that it is no longer obligated to pay any of the $250,000 settlement amount.

      On, July 27, 2010, in response to Horng's motion, Defendant Sakar International, Inc. ("Sakar"), electronically filed a letter with the court, incredulously asking that the Court issue a discovery order directing the undersigned to produce all communications between my office and the liquidator during the period of June 1, 2010, through July 22, 2010, regarding effectuating the terms of the settlement agreement. Such a request is not only unheard of, but ridiculous and not made in good faith.

      It is readily apparent that Sakar does not want to abide by the settlement it agreed to on June 4, 2010, in which it agreed to pay $250,000.00. Instead, it is now asking the court to engage in a side show that has no relevance in this settlement. To this end, Sakar has in bad faith asserted that there it is no longer obligated to pay the settlement amount because Horng is somehow in breach of the settlement since it did not timely provide Sakar with settlement documents signed by the liquidator. This is despite the fact that the Horng liquidator in Taiwan has indicated that he will now sign the settlement documents and this fact has been communicated to Sakar. While Horng is trying to bring this matter to a close, Sakar simply will not let it end.

      A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it. Meetings & Expositions Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1984).

The Honorable Stanley R. Chesler, U.S.D.J.
Page 2
July 28, 2010

      There is no statement in the handwritten settlement agreement of June 4, 2010, that time is of the essence. In fact your honor specifically retained jurisdiction to enforce the settlement agreement in case the liquidator's signature on the settlement documents was not obtained within thirty (30) days of June 4, 2010.

      Defendant's request for discovery as to the settlement is out of line and must be denied.

      Bad faith may be found when an attorney knowingly or recklessly engages in litigation tactics that needlessly obstruct the litigation of nonfrivolous claims. *Schwartz v. Million Air, Inc.* 341 F.3d 1220, 1225 (11th Cir. 2003).

      Horng's motion to enforce settlement should be granted and sanctions awarded.

      Thank you.

                                     Very truly yours,

                                     Bruce W. Wagner, Esq.

cc: Ezra Sutton, Esq. (vie ECF)