LAW OFFICES

# EZRA SUTTON, P. A.

A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

July 28, 2010

**By ECF**

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Newark, New Jersey 07102

RE:   Our File: SAKAR 6.0-006
       Horng Technical Enterprise, Co., Ltd. v. Sakar International, Inc.
       Civil Action No.: 06-cv-816

Dear Judge Chesler:

Today we received an opposition to Sakar's discovery request from Mr. Wagner, contending that it is made in bad faith, and must be denied.

Sakar wishes to make clear to this Court that it is acting in good faith. This is not a "side show" as alleged by Attorney Wagner. Unlike Attorney Wagner's actions in this case, Sakar has always acted in good faith and has timely complied with the terms of the Settlement Agreement. However, it is fundamental that when a party breaches the specific terms of a Settlement Agreement by willfully failing to comply with its terms, that party is in breach, and the other party (Sakar) has a clear legal right to assert that a breach has occurred.

As this Court is aware, in the June 28, 2010 telephone conference with the Court, Attorney Wagner knowingly and willfully asserted that the Liquidator's signature was not necessary. Also, Attorney Wagner knowingly and willfully asserted that the Liquidator was not going to receive any funds because they were going to be paid to the wife of Harry Hung (the embezzler). These two willful assertions by Attorney Wagner 24 days into the required 30 day period constituted explicit breaches of the express provisions of paragraphs 1 and 2

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
July 28, 2010
Page 2

of the June 4 Settlement Agreement, which explicitly require both the signature of the Liquidator, and that the Liquidator receive settlement funds from Attorney Wagner.

Clearly, the foregoing conduct by Attorney Wagner shows that he was willfully breaching the Agreement in order to cut the Liquidator out from receiving any settlement funds, and to divert these same funds to the wife of Harry Hung. Based on this egregious conduct by Attorney Wagner, the Court should grant Sakar's single discovery request in order to determine whether there is any explanation for this conduct and its resulting breach of the June 4 Settlement Agreement.

Further, it is respectfully submitted that Attorney Wagner has not provided a single document from the Liquidator to explain this willful breach of the June 4 Settlement Agreement, in order to support the motion to enforce the Settlement Agreement.

Therefore, Sakar is of the good faith opinion that the Court and Sakar are entitled to inspect the requested documents to determine if Horng or its attorneys willfully breached the June 4 Settlement Agreement by affirmatively failing to comply with the three simple express provisions of the June 4, 2010 Settlement Agreement.

Respectfully submitted,

EZRA SUTTON, Esq.

ES/mdp

cc:   Larry Hersh, Esq. (by ECF)
      Bruce Wagner, Esq. (by ECF)