BRUCE W. WAGNER
ATTORNEY AT LAW
1440 NORTH HARBOR BOULEVARD, SUITE 900
FULLERTON, CALIFORNIA 92835
(714) 449-3338 FAX (714) 449-0468
brucewwagner@aol.com

August 5, 2010

**Via ECF**
The Honorable Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Room 217
Newark, NJ 07101-0999

Re: Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816

Dear Judge Chesler:

On July 22, 2010, Plaintiff Horng Technical Enterprise Co., Ltd. ("Horng") filed a motion to enforce settlement with a return date of August 16, 2010. Opposition to the motion from Defendant Sakar International, Inc. ("Sakar") was due on August 2, 2010 (14 days before the motion day). L.Civ.R. 7.1(d)(2).

Today, August 5, 2010, Ezra Sutton, Sakar's attorney, filed a letter with the Court requesting that the Court grant Sakar an extension of time to file an opposition to Horng's motion to enforce settlement. This request for an extension should be denied.

Ex parte applications for extensions of time are proper only if the prescribed time period has not yet expired. FRCP Rule 6(b)(1)(A). Sakar's request for an extension was not timely in that it was filed today, three (3) days after Sakar's opposition was due on August 2, 2010. Furthermore, an ex parte application for an extension of time may only be granted for a showing of good cause. However, here no such showing of good cause has been made. Therefore, Mr. Sutton's request for an extension of time to file an opposition to the pending motion should be denied.

Mr. Sutton somehow claims in today's letter to your honor that his letter of July 27, 2010, requesting a discovery order was a partial opposition to the pending motion. If so, then why is Mr. Sutton requesting additional time to file an opposition? The first paragraph of Mr. Sutton's July 27, 2010, letter states: "On behalf of Sakar, we intend to oppose Horng's motion to enforce the Settlement Agreement. A brief outline of Sakar's intended opposition memorandum is attached in order to advise the Court of the basic reasons for its opposition." By Mr. Sutton's own words his letter of July 27, 2010, does not constitute an opposition to the pending motion. The letter is merely a request for a discovery order and nothing more.

Unless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L.Civ.R. 7.1. L.Civ.R. 7.1(b)(1).

During a conference call between your honor and counsel on June 28, 2010, your honor clearly stated that any further proceedings before the Court would be way of formal motion.

Mr. Sutton's letter to the court of July 27, 2010, does not constitute an opposition to the pending motion.

Based on the above, Horng respectfully requests that Sakar's application for an extension of time to file opposition to Horng's motion to enforce settlement be denied and its motion to enforce settlement granted.

Thank you.

Very truly yours,

Bruce W. Wagner

Bruce W. Wagner, Esq.

cc: Ezra Sutton, Esq. (vie ECF)