**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 105
Rutherford, NJ  07070
(201) 507-6300

**BRUCE W. WAGNER**
Attorney at Law
1440 N. Harbor Blvd., Suite 900
Fullerton, CA 92887
(714) 449-3338

Attorneys for Plaintiff HORNG TECHNICAL ENTERPRISE CO., LTD.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
HORNG TECHNICAL ENTERPRISE        :
CO., LTD.                          :  Hon. Stanley R. Chesler, U.S.D.J
                                   :  Hon. Michael A. Shipp, U.S.M.J.
               Plaintiff,          :  Civil Action No. 06-816 (SRC) (MAS)
                                   :
vs.                                :  **SUPPLEMENTAL DECLARATION**
                                   :  **OF BRUCE W. WAGNER IN**
SAKAR INTERNATIONAL, INC. and     :  **SUPPORT OF MOTION TO**
Does 1 through 100, inclusive,    :  **ENFORCE SETTLEMENT AND**
                                   :  **FOR SANCTIONS**
               Defendants.         :
                                   :
————————————————————X

Bruce W. Wagner, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am an attorney licensed to practice law in the State of California and have been admitted pro hac vice to represent Plaintiff Horng Technical Enterprise Co., Ltd. ("Horng") in the present matter.  I submit this Supplemental Declaration in support of plaintiff's motion to enforce settlement and for sanctions.

1

2. On July 22, 2010, Horng filed the present motion to enforce the settlement agreement and for sanctions due to Sakar's failure to comply with the terms of the settlement by signing the settlement documents with payment of the settlement sum to follow.

3. Opposition to this motion was required to be filed no later than August 2, 2010 (14 days before the August 16, 2010, motion day). Sakar did not file an opposition, timely or otherwise, to the motion.

4. Subsequent to the filing of the Motion to Enforce the Settlement Agreement, on or about August 9, 2010, I received from the liquidator the original Settlement Agreement and the Mutual Release signed by the liquidator with his seal affixed. True and correct copies of the Settlement Agreement and the Mutual Release signed by the liquidator with his seal affixed are attached hereto collectively as Exhibit H.

5. Horng, through the liquidator, has signed the Settlement Agreement and Mutual Release. Sakar refuses to do so.

6. Based on the above, I respectfully request that the Court grant Horng's motion to enforce settlement.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 11, 2010.

                                                /s/ Bruce W. Wagner
                                                BRUCE W. WAGNER

EXHIBIT H

## SETTLEMENT AGREEMENT

HORNG TECHNICAL ENTERPRISE CO., LTD. ("Horng"), on the one hand, and SAKAR INTERNATIONAL, INC. ("Sakar"), on the other hand, ("the parties") in consideration of the promises made herein, agree as follows.

### Nature and Effect of Settlement Agreement

1. This Settlement Agreement consists of a compromise and settlement by each party of that party's claims against the other party from the dispute described in Paragraph 2. A Mutual Release to be signed by the parties has been prepared in a separate document by which each party is relinquishing all claims against the other party. By executing this Settlement Agreement, each of the parties intends to and does hereby extinguish the obligations heretofore existing between them. This Settlement Agreement is not, and shall not be treated as, an admission of liability by either party for any purpose.

### Nature and Status of Dispute

2. On August 31, 2005, Horng filed suit against Sakar for breach of contract and non-payment of goods after Sakar failed to pay the sum of $940,609.83 to Horng for computer accessories that Horng sold and shipped to Sakar in New Jersey. In response to the lawsuit, Sakar filed an answer, counterclaims, and affirmative defenses. Sakar counterclaimed for indemnification for patent infringement, defective products, and breach of implied warranties. On June 2, 2010, a jury trial was commenced in the case of Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816, United States District Court, District of New Jersey, before the Honorable Stanley R. Chesler, U.S.D.J. On June 4, 2010, the parties settled the above-referenced case and agreed to sign a Settlement Agreement and a Mutual Release. The above-referenced action was then dismissed with prejudice by the Court.

## Mutual Compromise Agreement

3. Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all past, present, or future claims, demands, obligations, or causes of action, whether based on tort, contract, or other theories of recovery, that the party now has or may hereafter have against the other party and the other party's predecessors and successors in interest, heirs, and assigns, arising from the subject matter of the actions described in Paragraph 2, on the following terms and conditions:

(a) In full settlement of Horng's claim against Sakar and in consideration of Horng dismissing with prejudice its complaint against Sakar, Sakar agrees to pay Horng the sum of $250,000.00 by check, or wire, to Bruce W. Wagner Atty. At Law, Client Trust Acct., immediately after the parties sign this Settlement Agreement and the accompanying Mutual Release.

(b) In full settlement of Sakar's claim against Horng and in consideration of Sakar dismissing with prejudice its counterclaims against Horng, Horng agrees to give up any damage claims it has against Sakar arising from the subject matter of the actions described in Paragraph 2.

(c) The parties agree that this compromise and settlement shall constitute a bar to all past, present, and future claims arising out of the subject matter of the actions described in Paragraph 2.

## Advice of Attorney

4. Each party warrants and represents that in executing this Settlement Agreement, it has relied on legal advice from the attorney of its choice; that the terms of this Settlement Agreement have been read and its consequences (including risks, complications, and costs) have

been completely explained to it by its attorney; and that it fully understands the terms of this Settlement Agreement. Each party further acknowledges and represents that, in executing this Settlement Agreement, it has not relied on any inducements, promises, or representations made by the other party or any person representing or serving the other party.

### Conditions of Execution

5. Each party acknowledges and warrants that its execution of this Settlement Agreement is free and voluntary.

### Execution of Other Documents

6. Each party to this Settlement Agreement shall cooperate fully in the execution of any and all other documents and in any additional acts that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

### Attorney's Fees

7. Each party to this Settlement Agreement shall bear all attorneys' fees and costs arising from that party's own counsel in connection with the complaint, counterclaims, this Settlement Agreement, and the matters referred to herein, the dismissal of the complaint, and all related matters. This paragraph shall be applicable to this entire Settlement Agreement.

### Entire Agreement

8. This Settlement Agreement contains the entire agreement between the parties except for the Mutual Release referenced above.

### Effective Date

9. This Settlement Agreement shall become effective immediately on execution by the parties.

### Governing Law

3

10. This Settlement Agreement is entered into, and shall be construed and interpreted, in accordance with the laws of the State of New Jersey.

## Severability

11. If any provision of this Settlement Agreement, or any portion thereof, is held by a court of competent jurisdiction to be illegal or invalid, said provision or portion thereof shall be deemed to be severed and deleted from this Settlement Agreement, and neither such provision, its severance, nor deletion shall affect the validity of the remaining provisions of this Settlement Agreement.

## Other

12. This Settlement Agreement may be executed in counterparts. Fax signatures are acceptable.

13. Each of the parties hereby represents and warrants that it has not heretofore assigned or transferred or purported to assign or transfer to any person any claim, contention, demand, action, cause of action, debt, agreement, obligation or liability of any nature, character, or description whatsoever, which is or purports to be released or discharged herein.

14. All persons executing this Settlement Agreement on behalf of any partnership, corporation, person, or other entity hereby represent and warrant, for the benefit of the other parties, that such person is duly and legally authorized by such entity to execute this Settlement Agreement and to perform, on behalf of such entity, all of such entity's duties and obligations hereunder. Such representations and warranties shall survive full execution of and performance under this Settlement Agreement.

15. This Settlement Agreement may not be modified or amended orally. No modification or amendment shall be effective unless it is in writing signed by all of the parties.

Dated:_____      SAKAR INTERNATIONAL, INC.

                                By:_____
                                  Charles Saka
                                  Its: President

Dated: 8-9-10      HORNG TECHNICAL ENTERPRISE CO., LTD.

                                By: /s/ CHANG WEN-FENG
                                CHANG WEN-FENG
                                Its: Court Appointed Liquidator

**APPROVED AS TO FORM AND CONTENT**

Dated: 8-6-10      /s/ B. W. Wagner
                                BRUCE W. WAGNER.
                                Attorney for Horng Technical Enterprise Co., Ltd.

Dated:_____      _____
                                EZRA SUTTON, Esq.
                                Attorney for Sakar International, Inc.

## MUTUAL RELEASE

FOR AND IN CONSIDERATION of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties, the parties agree and covenant as follows:

1. The undersigned, Horng Technical Enterprise Co., Ltd. (hereinafter referred to as "Horng"), does hereby release, acquit and forever discharge Sakar International, Inc. (hereinafter referred to as "Sakar"), and its successors, agents, assigns, employees, representatives, and any and all other persons, firms and whatsoever, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, both known and unknown, arising out of related to or in any way connected with the litigation known as Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816, United States District Court, District of New Jersey.

2. The undersigned Sakar does hereby release, acquit and forever discharge Horng and its successors, agents, assigns, employees, representatives, and any and all other persons, firms and whatsoever, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, both known and unknown, arising out of related to or in any way connected with the litigation known as Horng Technical Enterprise Co., Ltd. v. Sakar International, Inc., 06cv00816, United States District Court, District of New Jersey.

3. Sakar shall pay Horng the sum of $250,000.00 as consideration for this release upon execution of this release and settlement agreement by said parties.

4. It is understood and agreed that the settlement evidenced by this release is a compromise of all claims herein specified, whether past, present or future, that such claims are disputed, and that execution of this release is not to be construed as an admission of liability on the part of any party. Rather, liability is expressly denied.

5. The consideration expressly mentioned herein is the only consideration paid or to be paid by said parties hereby released. The parties acknowledge that no other party, or agent, or attorney of any other party, has made any promise, or representation or warranty to induce this release, not herein expressly set forth, and no such promises, representations or warranties are relied upon as consideration for this release, or otherwise, but any and all of the parties' respective claims, of whatever nature are hereby fully and forever released, compromised and settled. Full and complete compromise, settlement, and accord and satisfaction are hereby acknowledged, and it is expressly agreed by the undersigned parties never to sue any of the other party hereby released on any alleged promise, representation or warranty for this release not herein expressly set forth.

6. This agreement contains the entire agreement and understanding between the parties as to the matters specified herein and supersedes and replaces all prior negotiations or proposed agreements on this subject matter, whether written or oral. The terms contained herein may not be modified or amended except in writing signed by the parties. The terms of this release are contractual and not a mere recital. Since the purpose of this release is to end this matter forever,

1

should it develop that there are any errors, mistakes or any omissions in this instrument, whether legal or factual and whether mutual or unilateral, which would cause the release of the parties herein released to be defective or less than complete, then the undersigned will sign any and all documents and do any and all things necessary to effectuate a full, final and absolute release of said parties and all others having any liability.

     7. The undersigned further state that they have carefully read the foregoing instrument; that they know the contents thereof; that it has been fully explained to them by their attorney; that they understand and agree to each and every term and condition contained herein; that they signed the same as their own free act and deed; and that they have not assigned any rights released hereunder to any person or organization, private or governmental.

     8. The terms of this release arose from negotiations and discussions between the parties, each of whom were represented by legal counsel. Accordingly, no claimed ambiguity in this release shall be construed against any party claimed to have drafted or proposed the language in question.

     9. This release shall be governed by and construed pursuant to the laws of the State of New Jersey.

     10. This release may be executed in two counterparts, each of which shall be deemed an original. Fax signatures are acceptable.

//////

//////

//////

//////

//////

//////

//////

//////

//////

//////

//////

Dated:_____                SAKAR INTERNATIONAL, INC.

                                            By:_____
                                              Charles Saka
                                              Its: President


Dated: 8-9-10                    HORNG TECHNICAL ENTERPRISE CO., LTD.

                                            By: _CHANG WEN-FENG_
                                              CHANG WEN-FENG
                                              Its: Court Appointed Liquidator


**APPROVED AS TO FORM AND CONTENT**

Dated: 8-6-10                    _Bruce W. Wagner_
                                            BRUCE W. WAGNER.
                                            Attorney for Horng Technical Enterprise Co., Ltd.


Dated:_____                _____
                                            EZRA SUTTON, Esq.
                                            Attorney for Sakar International, Inc.