LAW OFFICES

# Ezra Sutton, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

August 12, 2010

**By ECF**

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
U.S. Post Office and Courthouse Building
Newark, New Jersey 07102

    RE:    Our File: SAKAR 6.0-006
               Horng Technical Enterprise, Co., Ltd. v. Sakar International, Inc.
               Civil Action No.: 06-cv-816

Dear Judge Chesler:

      Today we received a Supplemental Declaration of Bruce W. Wagner in support of Horng's Motion to Enforce the Settlement Agreement. Attached as Exhibit H to his Declaration is a purported Settlement Agreement allegedly signed by the Taiwanese Court Appointed Liquidator, Mr. Chang Wen-Feng.

      It is Sakar's position that Attorney Wagner's delays in trying to "cut out" the Liquidator was the cause of the breach of the June 4, 2010 Settlement Agreement. Therefore, Attorney Wagner now comes before this Court with "unclean hands" and no reasonable explanation for this **long and unreasonable delay** in obtaining the Liquidator's signature since he previously told this Court that the Liquidator's signature wasn't even necessary.

      It is also Sakar's position that Attorney Wagner's willful delays to allegedly obtain the Liquidator's signature do not cure the breach Attorney Wagner has caused for the following reasons:

1)    As this Court is aware, in the June 28, 2010 telephone conference with the Court, Attorney Wagner knowingly and willfully asserted that the **Liquidator's signature was not necessary.** Also, Attorney Wagner knowingly and willfully asserted that the **Liquidator was not going to receive any funds** because they were going to be paid to the wife of Harry Hung (the embezzler). These two willful assertions by Attorney Wagner 24 days into the

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
August 12, 2010
Page 2

       required 30 day period constituted **explicit breaches** of the express provisions of paragraphs 1 and 2 of the June 4 Settlement Agreement, which explicitly require both the signature of the Liquidator, and that the Liquidator receive settlement funds from Attorney Wagner.

2)    Clearly, the foregoing conduct by Attorney Wagner shows that he was willfully breaching the Agreement in order to **cut the Liquidator** out from receiving any settlement funds, and to divert these same funds to the wife of Harry Hung. Based on this egregious conduct by Attorney Wagner, **the Court should grant Sakar's single discovery request** in order to determine if it caused the breach of the June 4 Settlement Agreement.

3)    Further, it is respectfully submitted that Attorney Wagner has not provided a single document from the Liquidator during the period of June 4, 2010 to July 6, 2010 to explain this willful breach of the June 4 Settlement Agreement, in order to support the motion to enforce the Settlement Agreement. Therefore, the Court has **no evidence** before it to make to make a determination as to whether Attorney Wagner's actions were reasonable under the circumstances.

4)    For the reasons stated in the brief outline of Sakar's opposition, Sakar respectfully requests a Discovery Order ordering attorney Wagner to produce all communications between Attorney Wagner and any of his representatives and associates, and the Liquidator, and any of his translators, representatives, and associates, during the critical period of June 1, 2010 through July 22, 2010, the date of the motion, **to show what efforts were made by attorney Wagner**, and whether they were related to the breach of the June 4, 2010 Agreement.

5)    Sakar requires this discovery to show that as of June 28, 2010, the date of the conference with the Court, **Attorney Wagner had apparently not yet contacted the Liquidator** because Attorney Wagner was of the opinion that the Settlement Agreement of June 4, 2010 did not require the Liquidator's signature, and did not require any payment to the Liquidator. It is also noted that in support of Attorney Wagner's motion, he failed to provide even a single communication between himself and the Liquidator. For this additional reason, this discovery is still relevant and necessary.

Judge Stanley R. Chesler, U.S.D.J.
United States District Court
August 12, 2010
Page 3

                                                   Respectfully submitted,

                                                   EZRA SUTTON, Esq.

ES/mdp
  cc:    Larry Hersh, Esq. (by ECF)
           Bruce Wagner, Esq. (by ECF)