SAKAR 6.0-006

EZRA SUTTON (ES-2189)
**EZRA SUTTON, P.A.**
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel.: (732) 634-3520
Fax: (732) 634-3511
Attorney for Defendant Sakar International, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORNG TECHNICAL ENTERPRISE, CO., LTD.<br>Plaintiff,<br><br>vs.<br><br>SAKAR INTERNATIONAL, INC.<br><br>Defendant. | Civil Action No.: 2:06-cv-00816(SRC)(CCC)<br>Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J. |

### SAKAR'S MOTION FOR A STAY PENDING APPEAL

Defendant Sakar International, Inc. ("Sakar") hereby moves for a stay of this Court's Order dated August 16, 2010 ordering Sakar to sign the Settlement Agreement and to pay Horng $250,000, based on Horng's Motion to Enforce the Settlement Agreement filed on July 22, 2010.

### BACKGROUND

On June 4, 2010 the present case was settled, and the case was dismissed with prejudice. Defendant Sakar agreed to pay Horng's attorney $250,000, <u>if</u> the Court-appointed Liquidator in Taiwan signed the Settlement Agreement within 30 days, by July 6, 2010. Horng failed to produce a signed Settlement Agreement by the deadline of July 6, 2010, and therefore Horng breached the explicit terms of the Settlement Agreement. In fact, on June 28, 2010, in a hearing before the Court,

Horng's attorney argued that the Liquidator's signature was NOT necessary because Horng was NOT going to pay any settlement funds to the Liquidator in Taiwan. This was a breach by Horng of another requirement of the June 4, 2010 Settlement Agreement.

Horng also failed to file a request for an extension of time to extend the deadline of July 6, 2010.

On July 22, 2010, Horng's attorney filed a Motion to Enforce the Settlement Agreement. The motion still did not include a Settlement Agreement signed by the Liquidator in Taiwan, and the motion did not explain the failure to produce a signed Settlement Agreement by the deadline of July 6, 2010.

On or about August 13, 2010, Horng's attorney produced a COPY of the Settlement Agreement allegedly signed by the Liquidator, but with no explanation for the delay between the deadline of July 6, 2010 and August 13, 2010. Also, there was no indication that the Liquidator obtained the Court's approval to sign the Release.

On August 16, 2010, the Court granted Horng's motion on the grounds that there was no "time of the essence" provision.

### SAKAR'S REASONS FOR APPEAL

It is Sakar's position that Horng breached the June 4, 2010 Settlement Agreement in the following respects:

    1)    Horng breached an explicit provision of the June 4, 2010 Agreement to have the Liquidator in Taiwan sign the Settlement Agreement and Mutual Release by July 6, 2010.

2) Horng failed to request an extension of time on or before July 6, 2010, and Horng failed to provide any explanation on or before July 6, 2010. In fact, nothing was heard from Horng on or about July 6, 2010.

3) If time was NOT of the essence (and Sakar does not agree to this), Horng failed to make even a prima facie showing that Horng acted within a "reasonable time period" to obtain the Liquidator's signature. Horng produced a copy of a signed Settlement Agreement and Release on August 13, 2010 (well after the Motion to Enforce was filed on July 22, 2010), and Horng failed to explain why there was a delay of over 30 days. Horng also failed to explain to this Court that Horng acted within a "reasonable time period."

Therefore, even if time was NOT of the essence, Horng has not shown that it has met the lower standard of acting within a "reasonable time period," and Horng never requested any time extensions from the Court.

4) In addition, there is no representation or showing by the Liquidator that he obtained an "approval" from the Court in Taiwan to sign the Settlement Agreement and Release. Without such an approval from the Court, the Release could be questioned or attacked by a third party.

For these reasons, Defendant Sakar requests a Stay of this Court's Order of August 16, 2010, pending the outcome of Sakar's Appeal.

## ARGUMENT

### I. Defendant Sakar Is Entitled To A Stay As A Matter Of Right

Rule 62(d) of the Federal Rules of Civil Procedure entitles an appellant to a stay pending appeal upon posting of an appropriate bond.

Rule 62(d) of the Federal Rules of Civil Procedure states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond .... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed.R.Civ.P. 62(d). This Rule "entitles a party who files a satisfactory supersedeas bond to a stay of a money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The amount of the bond, however, is entrusted to the discretion of the trial court. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). "A judgment creditor's primary concern when a judgment in his favor is stayed pending appeal is that he be 'secure ... from loss resulting from the stay of execution.'" *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986) (quoting *Federal Prescription Services v. American Pharmaceutical Association*, 636 F.2d 755, 760 (D.C. Cir. 1980)), rev'd on other grounds, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Therefore, "when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Ibid.* (citations omitted). The amount of the bond should secure the judgment creditor for the amount of the judgment, accumulated interest, and costs of the action. A court has discretion to approve a bond in an amount less than the total necessary to secure those sums, but the court must consider such factors as the complexity of the collection process, the amount of time required to obtain a judgment after it is affirmed on appeal, the availability of funds to pay the judgment, whether the defendant's ability to pay the judgment is

4

so obvious that the cost of the bond would be a waste of money, and the economic burden on the judgment debtor and the impact on its other creditors. *See* 12 James Wm. Moore at al., *Moore's Federal Practice* § 62.03[2] (3d ed.1997); <u>Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)</u>.

In this case, Sakar has filed a Notice of Appeal (copy attached as Exhibit A); Sakar has paid the appeal fee; and Sakar has obtained a Supersedeas Appeal Bond in the amount of $250,000 (attached as Exhibit B). Therefore, it is respectfully submitted that under F.R.C.P. 62(d) Sakar is entitled to a stay of paying the settlement amount of $250,000 to Horng, as a matter of right.

## II.   Defendant Sakar Should Also Be Granted A Stay Pursuant To Established Standards

Even if this Court does not agree that Sakar is entitled to a stay pending appeal as a matter of right, Sakar nevertheless satisfies the showing required for entry of a stay pending appeal.

### A.   Applicable Standard

Issuance of a stay pending appeal is governed by an assessment of four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). This test "cannot be reduced to a set of rigid rules" but rather must be applied flexibly, with a view to the individual circumstances of each case. *Hilton*, 481 U.S. at 477.

(1)   In this case, Sakar submits that it has made a strong showing that it is likely to succeed on the merits, since Horng failed to act within a reasonable time period, even if time was not of the essence.

(2)     Further, once Sakar pays the settlement amount to Horng, the funds will be disbursed, and Sakar will be "irreparably injured" absent a stay, since Sakar would be unlikely to recover the amount paid, if it succeeds on Appeal.

(3)     In addition, it is submitted that the stay will not substantially injure the other parties in this proceeding, since Sakar has obtained an Appeal Bond to guarantee the payment of the funds pending appeal. In addition, this matter has been pending since 2005, so that a short delay for the Appeal will nut substantially injure the other parties.

(4)     Finally, with regard to the public interest, Horng has failed to show that the Liquidator obtained "approval" of the Court in Taiwan to sign the Settlement Agreement and Release. Without such a Court approval, the Release could be questioned or attacked by a third party. Thus, Sakar remains vulnerable to attack by third party creditors.

Accordingly, for the foregoing reasons, it is respectfully submitted that Sakar's Motion for a Stay Pending Appeal should be granted.

Dated: August 31, 2010

EZRA SUTTON,
Attorney for Sakar International, Inc.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel.: (732) 634-3520
Fax: (732) 634-3511